**LEONARD et al. v. UNITED STATES (two cases).**

**LYNCH v. SAME.**

(Circuit Court of Appeals, First Circuit. May 27, 1925.)

Nos. 1801–1803.

1. **Intoxicating liquors** ☞249—**Search warrant may be issued to prohibition agent; "civil officer of the United States."**

A prohibition agent is a "civil officer of the United States," within the meaning of Espionage Act, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), to whom a search warrant may properly be issued, and by whom it may be served.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Officer.]

2. **Searches and seizures** ☞3—**Search warrant must be directed to officer or class of officers authorized to execute it.**

It is essential to the validity of a search warrant that it be directed to an officer or class of officers any one of whom is authorized to execute it.

3. **Intoxicating liquors** ☞249 — **Search warrants held invalid.**

Search warrants directed to a named federal prohibition agent "and his assistants, or any or either of them," held, invalid, there being no such officer as an assistant to a federal prohibition agent.

4. **Searches and seizures** ☞2 — **Search warrant statutes strictly construed.**

Statutes authorizing search warrants are strictly construed.

5. **Intoxicating liquors** ☞249—**Execution of search warrants held unlawful.**

Searches and seizures under search warrants issued pursuant to Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), held unlawful, where the warrants were not executed by the officer to whom directed, nor in his presence by one aiding him, as required by Espionage Act, § 7 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼g).

In Error to the District Court of the United States for the District of Massachusetts; Elisha A. Brewster, Judge.

Criminal prosecution by the United States against Joseph Leonard and others and against Thomas Lynch. Judgments of conviction, and defendants bring error. Reversed and remanded.

David H. Keedy, of Springfield, Mass. (Brooks, Kirby, Keedy & Brooks, of Springfield, Mass., on the brief), for plaintiffs in error.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The defendants, plaintiffs in error in the above-entitled cases, were convicted of having unlawful possession of liquor in violation of the National Prohibition Act (41 Stat. at Large, c. 85, § 25; Comp. St. Ann. Supp. 1923, § 10138½m) in the federal District Court for Massachusetts upon indictments charging that offense. Previous to finding the indictments, search warrants were issued in each matter by a United States commissioner, upon which intoxicating liquor was seized and later used in evidence at the trial of these defendants.

In cases Nos. 1801 and 1803 the search warrants were directed to "Walter H. Sullivan, federal prohibition agent, and his assistants, or any or either of them." In No. 1801 the warrant was served and returned by Charles F. Trembley, a federal prohibition agent; in No. 1803 it was served by James R. Horgan, a federal prohibition agent, but was returned as having been served by Edward H. Murphy, a federal prohibition agent.

In No. 1802 the warrant was directed to "John M. Mallon, Jr., general federal prohibition agent, and his assistants or any or either of them," and was served and returned by Richard F. Leeder, a general prohibition agent.

In Nos. 1801 and 1803 the defendants seasonably moved that the property and things seized and all information concerning the same and all other facts and information obtained by the search of said premises by means of said search warrants be excluded from evidence on the trial of said indictments, setting out 13 reasons therefor; and in No. 1802, in addition to the foregoing, they asked that the search warrant and all proceedings thereunder be quashed, assigning 8 reasons.

These motions were denied, subject to the defendants' exceptions, and at the several trials the evidence obtained through the searches and seizures was admitted, subject to the defendants' exceptions.

[1] The first objection to each of the search warrants is that they were not directed to a "civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, or to a person so duly authorized by the President of the United States," as required by section 6, title 11, of the Espionage Act (40 Stat. at Large, p. 229; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f).

This objection is without merit. In Keehn v. United States, 300 F. 493, this court held that a prohibition agent appointed by the Commissioner of Internal Revenue for the enforcement of the Prohibition Act, although not an officer of the United States within the meaning of article 2, § 2 of the Constitution, was an officer to whom a search warrant might be properly issued and by whom it might be served; and in Steele v. United States, 45 S. Ct. 417, 69 L. Ed. —— decided by the Supreme Court April 13, 1925, it was held that a prohibition agent was a civil officer of the United States, within the meaning of that expression as used in the Espionage Act, that the expression "civil officer of the United States," as used in that act, does not mean an officer in the constitutional sense, and that the words of description there used are to designate a civil officer rather than a military agent of the government and one "duly authorized to enforce or assist in enforcing any law of the United States."

The second objection is that the search warrants were directed to a federal prohibition agent or a general federal prohibition agent and that there were no such officer or officers and no such designation known under the Constitution or statutes of the United States. We think this objection is answered by what we have already said. The statutes of the United States authorize the appointment of agents by the Commissioner of Internal Revenue to enforce the Prohibition Law, and such agents may properly be termed federal prohibition agents.

[2, 3] The third objection is that the direction in the several warrants was to a particular individual as a federal prohibition, or general federal prohibition agent, and his assistants or any or either of them, and that there is no class of officers known to the laws of the United States as assistants of federal prohibition agents, whether they are general or special federal prohibition agents.

This objection merits consideration. In section 28, title 2, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½o), the class of officers referred to as authorized to enforce the provisions of the act are the Commissioner of Internal Revenue, his as-

sistants, agents, and inspectors, and all other officers of the United States whose duty it is to enforce the criminal laws. The Prohibition Act nowhere recognizes a class of officers such as assistants to a federal prohibition agent, nor does section 6, title 11, of the Espionage Act; and, as the directions in these warrants embraced a class of persons not designated by law or authorized to execute a search warrant, the question is whether they are invalidated by reason of the inclusion of such a class in the directions.

In Gandreau v. United States (C. C. A.) 300 F. 21, the search warrant was directed to "the United States marshal for the district of Rhode Island, or any of his deputies, or any federal prohibition agent, or any civil officer of the United States duly authorized to enforce any law thereof," and it was claimed the warrant was defective, in that it was not directed to a particular officer by name. It was held, however, that the direction was good, being addressed to a class of officers, any one of whom was authorized to execute it. We think it is essential to the validity of a warrant that it should be directed to an officer or class of officers authorized to execute it, and that the confusion demonstrated in these cases in the execution of these warrants would have been largely obviated if they had been directed to the Commissioner of Internal Revenue or his assistants, agents, or inspectors, or any civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof.

Sections 6 and 7 of title 11 of the Espionage Act, taken in connection with section 28, title 2, of the Prohibition Act, show that Congress regarded it as essential that a search warrant should be directed only to an officer or class of officers authorized to enforce or assist in enforcing the laws of the United States, and should be executed only by the officer or one of the class of officers to whom it was directed.

[4] Statutes authorizing search warrants are strictly construed. Guenther v. Day, 6 Gray (Mass.) 490; Hussey v. Davis, 58 N. H. 317; Giles v. United States (C. C. A.) 284 F. 208. At common law the direction in the warrant was regarded as an essential part of it. Russell v. Hubbard, 6 Barb. (N. Y.) 654, 656; Housin v. Barrow, 6 Term Reports, 122; The King v. Weir, 1 Barnewell & Cresswell, 288, 291; Hoye v. Bush, 1 Manning & Granger, 775, 788; People v. Holcomb, 3 Parker, Cr. R. (N. Y.) 656; 1 Chitty's Criminal Law, 38. The directions in these warrants were defective and rendered them invalid.

[5] But if the warrants were not invalidated by inclusion in their direction of a class of persons as officers, not known to the law to be such, they were not executed by the prohibition officer to whom they were directed, but by a stranger, one not named in the direction. Neither were they executed in the presence of the officer named. This is shown by the returns on the warrants and by the evidence introduced at the trial of the cases. Section 7, title 11, of the Espionage Act, directs that "a search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼g. For this reason we think the searches and seizures were illegal and that the evidence obtained thereby was incompetent and should have been excluded.

In view of the conclusions reached, we do not find it necessary to consider the remaining objections to the validity of the warrants.

The judgments of the District Court in Nos. 1801, 1802, and 1803 are vacated, the verdicts are set aside, and the cases are remanded to the District Court for further proceedings not inconsistent with this opinion.