## PERRY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 2, 1926.)

No. 4803.

1. Searches and seizures ⊙⟹2.

    Statutes authorizing search warrants must be strictly construed.

2. Criminal law ⊙⟹395—Where search warrant was directed to federal prohibition director, his assistants, etc., and served by general prohibition agent, not named, warrant and evidence obtained were inadmissible (Act June 15, 1917, tit. 11, §§ 6, 7 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼f, 10496¼g]).

    Under Act June 15, 1917, tit. 11, §§ 6, 7 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼f, 10496¼g), providing for search warrants to issue to civil officer of United States authorized to enforce any law thereof, or to person authorized by President, to be served only by officer mentioned or person in his aid and presence, where warrant directed to federal prohibition director for California, his assistants, agents, and inspectors, service by general pro-

hibition agent was unauthorized, and warrant and evidence obtained were inadmissible.

3. Criminal law ⊙⟹1169(1).

    Where objections to search warrant and evidence obtained were erroneously overruled, conviction under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) for sale of prohibition agents some time prior to search, held to be reversed; it being doubtful if jury would have convicted without the illegal evidence.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Manuel Perry was convicted of violations of the National Prohibition Act, and he brings error. Reversed and remanded.

Edward A. O'Dea, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Perry was convicted under three counts, charging violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.): (1) Maintenance of a common nuisance on or about the 28th of February, 1925, at 30 Jackson street, San Francisco, by keeping for sale 11 pints of jackass brandy; (2) unlawful possession of said liquor at the same time and place; (3) at the same place having on February 12, 1925, sold certain intoxicating liquor, to wit, three drinks of jackass brandy.

The evidence was that prohibition agents, in company with another person, on February 12th went to the place described in the information, and bought three drinks of jackass brandy, and paid defendant therefor; that on February 28th, 16 days after the sale, prohibition agents returned to the place with a search warrant dated that day; that when they entered no one was present, but that shortly thereafter the defendant came in and stated that he was the proprietor; that search was made, and jackass brandy was found in the rafters and in the basement; that, upon being questioned by the agents at that time, defendant denied that he had ever made a sale, or that he owned the jackass brandy found in the basement and admitted in evidence.

Defendant, by motions and exceptions to the rulings, saved the question of the validity of the search warrant issued, and wheth-

er the search and seizure were illegal, and whether the evidence obtained as a result of the search and seizure was competent.

[1, 2] The affidavit upon which the commissioner found probable cause was made on February 28th by Carl Ahlin, a federal prohibition agent. Applicant stated that he personally bought liquor at the place described on February 12, 1925, and paid therefor. The commissioner, after formal reference to the affidavit and facts therein stated, found probable cause for the issuance of the warrant, and on February 28th issued the same, addressed to the "Federal Prohibition Director in and for the State of California and to his assistants, agents and inspectors and any or either of them." The return on the warrant showed service and execution on February 28th by "D. W. Rinckel, general prohibition agent."

Title 11, chapter 30, section 6 of the Act of June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), provides that, if the commissioner is satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with the name of his office, "to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, or to a person so duly authorized by the President of the United States, stating the particular grounds or probable cause for its issue, * * * and commanding him forthwith to search the person or place named, or the property specified, and to bring it before the judge or commissioner." By section 7 (section 10496¼g) a search warrant may in all cases be served by any of the officers mentioned in its direction, but "by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution."

If we assume, as we do, that there is an official appointed by the Commissioner of Internal Revenue, and for convenience called the federal prohibition director in and for the state of California, that the warrant was properly directed to him, and if it had been served by that official the service would have been valid, we still have the question whether the warrant was invalid by reason of the direction to his assistants, agents, and inspectors, and any or either of them, and also by reason of the fact that the warrant was executed by a person or official not included in the direction of the warrant. Section 7 makes it plain that the officers authorized to enforce the provisions of the Prohibition Act are the Commissioner of Internal Revenue,

his assistants, agents, and inspectors, and all other officers of the United States whose duty it is to enforce the criminal laws, or to a person duly authorized by the President. There is no inclusion of assistants to a federal prohibition director in and for a state; nor are we advised of any authority giving to a prohibition director for a state power to appoint his assistants, agents, and inspectors, and to clothe them with authority to serve search warrants.

Congress has been very careful, not only in the designation of those to whom search warrants may issue, but also in confining the power to make search by forbidding the service of a warrant by persons other than the officers enumerated in the direction of the warrant, except in aid of an officer upon his requiring it, the officer being present and acting in the execution of the warrant. The question has recently been considered by the Circuit Court of Appeals for the First Circuit in Leonard v. United States, 6 F.(2d) 353, where the view was expressed that it is essential that a search warrant shall be directed "only to an officer or class of officers to whom it was directed," and that warrants not so directed are invalid. In that case there was also the further point that the search warrants were served and returned by a federal prohibition agent, but not the officers named in the warrants and to whom they were directed; nor were the warrants executed in the presence of the officers named. The court held that, for that reason also, the searches and seizures were illegal, and that the evidence obtained thereunder was incompetent, and should have been excluded.

In our opinion that case is well founded upon the principle that statutes which authorize search warrants must be strictly construed. We therefore hold that the direction in the search warrant was an essential part of it, and that because the plain language of the statute was disregarded, not alone in respect to the direction to those officers who were authorized to serve, but also in respect to those who did serve it, the objections to the warrant and to the use of the evidence obtained and the search were well taken and should have been sustained. United States v. Dziadus (D. C.) 289 F. 837; United States v. Innelli (D. C.) 286 F. 731.

[3] Counsel for the government urge that, if the conviction is held unwarranted under the first two counts, it may be sustained and the defendant sentenced again under the count charging a sale on February 12th. But from the beginning of the case the principal questions were those relating to the validity of

the warrant and the legality of its issuance and execution on February 28th. Defendant was not arrested on the 12th, and it was not until the 28th, when they made the search, that the agents gave attention to the sale they testified had previously been made to them. There is also the evidence of the agents that on the 28th, when they questioned defendant, he denied that he had made a sale on the 12th. Evidently the purpose of obtaining the search warrant and making a search was to procure evidence to confirm the alleged sale on the 12th. But, as we read the record, it is very doubtful whether, if the liquor illegally seized on the 28th had been excluded, the jury would have found the evidence sufficient to convict defendant of the sale on the 12th.

We therefore conclude that the rights of defendant were prejudiced, and that he is entitled to a new trial. In Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, the court quoted from Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, as follows: "The essence of a provision forbidding the acquisition of evidence in a certain way is that, not merely evidence so acquired shall not be used before the court, but that it shall not be used at all."

The judgment is reversed, and the cause remanded for a new trial in accordance with the views herein expressed.