## UNITED STATES v. SMITH.

(District Court, S. D. Florida. January 8, 1927.)

No. 3009.

1. Intoxicating liquors ⬤⟿249—Direction in search warrant must be addressed to officers authorized to enforce laws, identified therein, but not necessarily by name (Espionage Act June 15, 1917, tit. 11, §§ 6, 7 [Comp. St. §§ 10496¼f, 10496¼g]).

Direction in search warrant issued under Espionage Act June 15, 1917, tit. 11, §§ 6, 7 (Comp. St. §§ 10496¼f, 10496¼g), is essential part of warrant, and must be addressed to officers authorized to enforce laws, to be definitely determined from instrument itself; but officers need not be identified by name, and warrant may be directed to class or several classes of persons.

2. Intoxicating liquors ⬤⟿249—Service by prohibition agents, not named therein, of search warrant directed to internal revenue officer and "to ——, Federal Prohibition Agent," and his deputies, held void (Espionage Act, June 15, 1917, tit. 11, §§ 6, 7 [Comp. St. §§ 10496¼f, 10496¼g]).

Service by federal prohibition agent not named therein of search warrant issued under Espionage Act June 15, 1917, tit. 11, §§ 6, 7 (Comp. St. §§ 10496¼f, 10496¼g) directed to internal revenue officer, or his deputies, "and to ——, Federal Prohibition Agent, and his deputies, or any or either of them," held void, and motion to quash warrant will be granted.

3. Intoxicating liquors ⬤⟿245—Statute authorizing searches and seizures must be strictly construed (Espionage Act June 15, 1917, tit. 11, §§ 6, 7 [Comp. St. §§ 10496¼f, 10496¼g]).

Espionage Act June 15, 1917, tit. 11, §§ 6, 7 (Comp. St. §§ 10496¼f, 10496¼g), authorizing searches and seizures, must be strictly construed.

Criminal proceeding by the United States against W. L. Smith. On defendant's motion to quash search warrant. Motion granted.

W. M. Gober, U. S. Atty., of Tampa, Fla., and W. P. Hughes, Asst. U. S. Atty., of Clearwater, Fla., for the United States.

M. H. Myerson, of Jacksonville, Fla., for defendant.

JONES, District Judge. W. L. Smith was charged in an information filed by the United States district attorney with a violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.), by having in his possession certain intoxicating liquors. The case came on to be tried, and upon agreement between the United States district attorney and the attorney for the defendant that the whole case depended upon the validity of the search warrant under which the intoxicating liquor, alleged to have been in the possession of the defendant, was seized, the matter was heard upon a motion to quash the search warrant interposed by the attorney for the defendant.

The statute provides for the issuance of these search warrants, what they shall contain, and how they shall be served. Sections 6 and 7 of title 11 of the Espionage Act. Act June 15, 1917 (Comp. St. Ann. Supp. 1919, §§ 10496¼f and 10496¼g). Section 6 requires the commissioner to issue the warrant upon probable cause. It must be signed by him, and addressed to "a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, or to a person so duly authorized by the President of the United States. * * *" Section 7 provides the means for service and is to this effect: "A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution."

The warrant in this case is directed to "J. H. Lee, Internal Revenue Officer of the United States for the Southern District of Florida, to his deputies or any or either of them, and to ——, Federal Prohibition Agent, and his deputies or any or either of them." The return was made by and the warrant was executed by "James C. Bean, Prohibition Agent." It is contended by the defendant that the warrant is invalid, because there is no such officer as a deputy to an internal revenue officer, or a deputy to a federal prohibition officer, citing Leonard v. United States (C. C. A.) 6 F.(2d) 353.

While it is true that it was said in the opinion in the case of Leonard v. United States, supra, that a search warrant addressed to a named prohibition agent "and his assistants, or any or either of them," was invalid because there is no such officer as an assistant to a federal prohibition agent, the decision was really not based upon that point, for further on in his opinion Judge Bingham says: "But, if the warrants were not invalidated by inclusion in their direction of a class of persons as officers not known to the law to be such, they were not executed by the prohibition officer to whom they were directed, but by a stranger, one not named in the direction." Leonard v. United States, supra. Also see Perry v. United States (C. C. A.) 14 F.(2d) 88.

[1] The direction in a search warrant is an essential part of the warrant, and must be addressed to a civil officer of the United States authorized to enforce the laws thereof, or to a person so duly authorized by the President of the United States, and it must

be possible to definitely determine within the four corners of the instrument itself just what officer or officers are directed to serve same, for under section 7 of the act it may be served only by "the officers mentioned in its direction," subject to an exception which is not material in this case. The question therefore to be determined is: Was this search warrant served in accordance with the requirements of section 7 of the act, or was it "served by a stranger, one not named in the direction"? If it was served by one of "the officers mentioned in its direction," the search and seizure were valid; if not, they were invalid, and the motion to quash should be granted.

It is not necessary that the officer or officers to whom a search warrant is directed be mentioned by name. The warrant may be directed to a class or to several classes of persons, as to "the United States marshal for the district of Rhode Island, or any of his deputies, or any federal prohibition agent, or any civil officer of the United States, duly authorized to enforce any law thereof." Gandreau v. United States (C. C. A.) 300 F. 21. It must, however, be served by some one identified as included in one of the classes named in the direction in the warrant.

[2] We get down, then, to this question: Was "James C. Bean, Prohibition Agent," the person who executed this warrant, one of the officers mentioned in the direction in the warrant? He certainly is not a deputy of J. H. Lee, internal revenue officer. He does not sign himself as such in his return, and does not pretend to be that. Was he the "———, Federal Prohibition Agent," or one of his deputies attempted to be authorized to serve this warrant? I find nothing in the warrant to so indicate. It was clearly the intention of the commissioner who issued this warrant, from the form that he used, that some specific prohibition agent, "his deputies, or any or either of them," should serve this warrant. He failed, however, to name him, and it is impossible to identify him, or his deputies (if he had any), from the warrant itself, and this must be possible before the service is valid.

[3] Now, it is true that these statutes give authority to make searches and seizures, but they must be construed strictly (Giles v. United States [C. C. A.] 284 F. 208), and I find absolutely nothing in this warrant to justify me in saying that Prohibition Agent Bean, who made this return, had any authority under the direction in the warrant to execute it.

Consequently the motion to quash will be granted.