## LANGENBACH'S ESTATE v. COMMIS-SIONER OF INTERNAL REVENUE.
### No. 9326.

Circuit Court of Appeals, Sixth Circuit.

April 6, 1943.

John G. Ketterer, of Canton, Ohio (Lynch, Day, Pontius & Lynch, of Canton, Ohio, on the brief), for petitioner.

William B. Waldo, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and N. Barr Miller, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

This is a proceeding to review a decision of the United States Board of Tax Appeals (now the United States Tax Court).

Edward A. Langenbach, a resident of Canton, Ohio, died testate on September 8, 1934, and was survived by his wife, Rosa Langenbach. Petitioner is the executor of his estate and testamentary trustee under the last will and testament of the deceased. Petitioner filed income tax returns for 1935 and 1936 with the Collector for the Eighteenth District of Ohio.

The deceased Langenbach, by his will, directed that his property be set up in trust for certain specific uses and purposes.

Item IV of the trust provided that the trustee, after deducting expenses of administration of the trust, should pay the net income of the estate to Rosa Langenbach, wife of deceased, in quarterly installments, or oftener, during her natural life and in addition should pay her from the principal of the trust estate, such sum or sums at any time as the trustee should deem necessary or proper for her suitable support, comfort and maintenance, should her income from the trust or other sources prove inadequate for such purposes.

The trustee was also authorized and empowered to pay to Rosa Langenbach from the principal of the trust estate such sum or sums in an aggregate amount not to exceed $25,000 per annum to be used by her for any charitable purpose or for the comfort, support, education and maintenance of "any of her relatives or mine, as she in her wise discretion shall see fit to carry on."

The deceased directed in his will that on the death of his wife, the trust estate then remaining should be treated as composed of two equal shares and disposed of as follows: One such share was to be paid and distributed to such persons and on such terms and conditions as his wife should provide by her last will and testament and in default of the exercise of such power of testamentary disposition such share should vest in and be paid and distributed to the person or persons who constituted his wife's next of kin under the Statutes of Ohio relating to descent and distribution. The remaining share was to be paid and distributed as follows:

To a brother, Raymond Langenbach, $40,000 was bequeathed; to a sister, Olivia Falla, $20,000; to a sister, Minnie Zink, $20,000; and to a brother, William Langenbach, $20,000, with the condition that should any one of the brothers or sisters predecease the testator the sum so left such brother or sister should be controlled by testamentary disposition and in default of such disposition, the said sum was to be paid and distributed to the issue of said brother or sister per stirpes, share and share alike and in default of issue to the next of kin under the laws and statutes of the State of Ohio, relating to descent and distribution in force and effect at the time of the death of the deceased.

It was further provided in the will that if the one-half of the estate bequeathed to the brothers and sisters of the deceased should prove insufficient to pay the legacies and bequests, that each of said legacies or bequests should be ratably abated or diminished as elsewhere provided in the will.

The testator further provided that if the one-half of his estate set aside to pay legacies exceeded the amount thereof, one-half of the surplus should be paid and distributed, share and share alike, to Raymond Langenbach and Olivia Falla, brother and sister of deceased. The remaining one-half of such surplus, if any, was to be set aside and held by the trustee both as to principal and income for such charitable institutions and for such charitable purposes as the trustee should deem to be of the greatest importance in maintaining the sound health and general welfare of the citizens of Canton and its immediate environs.

As of September 8, 1934, the date of the death of the deceased, the net value of his estate was appraised for estate-tax purposes at $1,111,517.90 and there was no depreciation or diminution in the value of the corpus of the estate from that date to the close of the calendar year 1936.

Petitioner received capital gains which, under the laws of Ohio, became a part of the principal of the estate and were not then distributable under the laws of Ohio or under the terms of the testator's will for the year 1935, in the sum of $98,366.63 of which sum the amount of $90,391.44 was included in petitioner's taxable income for the year 1935, and for the year 1936, petitioner received $54,611,50 of which sum the amount of $47,226.87 was included in petitioner's income for that year.

The Commissioner of Internal Revenue, on audit and review of petitioner's returns, found a deficiency in taxes growing out of the disallowance for each of the years in question of certain items, which disallowances are not in issue in these proceedings.

Petitioner, in its petition to the Board of Tax Appeals (now the United States Tax Court) for a redetermination of the deficiency set forth in the Commissioner's deficiency letter, alleged that it was entitled to deduct from gross income under Section 162(a) of the Revenue Act of 1934, ch. 277, 48 Stat. 680, and of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Internal Revenue Code § 162(a), 25 percent of the capital gains realized by petitioner for each of the years 1935 and 1936, for the reason that under the terms of the will of petitioner's decedent Edward A. Langenbach, such amount of said capital gains is permanently set aside for charitable purposes within the meaning of the Act.

None of the income of the present trust was paid to charitable organizations during the taxable years 1935 and 1936, and the question is whether the capital gains of the trust which were added to its corpus during these years were permanently set aside to charitable purposes. There is no doubt that if there is a probability

under a will or a reasonable possibility that money or property bequeathed to a charitable trust may be invaded as to corpus or income so that the amount available for charitable purposes cannot be ascertained, there is no amount permanently set aside for charitable uses which may, under statute, be deducted in determining income tax and deduction for charitable gift will be allowed only if the value can be ascertained definitely at the date of testator's death. Commissioner of Internal Revenue v. Upjohn's Estate et al., 6 Cir., 124 F.2d 73; Commissioner of Internal Revenue v. F. G. Bonfils Trust, 10 Cir., 115 F.2d 788.

■ As we view the facts, it cannot be ascertained from the terms of the present will which portion of the corpus if any, including the capital gains for the years involved, will ultimately be devoted to charitable purposes.

Petitioner assumes that under the trust instrument, the trust estate at the death of the life beneficiary is divided into a one-half part and two one-fourth parts. We find no support in the record for this conclusion. The will specifically provides that upon the death of the principal beneficiary, the remaining estate is to be divided into two equal parts over one of which the principal beneficiary has the power of testamentary disposition. If this power is not exercised, that part of the estate descends to the beneficiary's next of kin. The remaining one-half is first charged with legacies to the testator's brothers and sisters of $100,000 and if that half of the estate be insufficient to pay the legacies, the legacies are to be reduced proportionately. If there be any surplus after the payment of these legacies, on-half of such surplus is distributable to a brother and sister of the deceased and the remaining one-half, if any, is distributable to charitable purposes.

Much of the evidence in the record is devoted to the financial condition of Rosa Langenbach, the principal beneficiary of the will. There is no doubt she is a person of independent means and is not compelled to use the corpus of the present trust for her support. As we view the issue, the beneficiary's wealth is immaterial.

The possibility of charity sharing in the trust created by the present will is remote. First, there is a fixed charge on the trust for the liberal maintenance of Mrs. Rosa Langenbach; second, a maximum of $25,-000 may be withdrawn from the corpus of the estate annually to be expended for purposes solely within the discretion of Mrs. Langenbach, and third, at her death one-half of the trust estate passes immediately to her next of kin or by testamentary disposition. The remaining one-half is burdened with $100,000 in legacies, and if there be a surplus after the payment of these legacies one-half of this surplus is in turn to be divided between a brother and sister of the testator. There is a bare possibility that a small portion of the estate may be used for charitable purposes. However, we are of the opinion that under the provisions of the present trust instrument, no part of the trust fund or any surplus income therefrom can be said to be permanently set aside without limitation for any charitable, religious, educational or like purpose.

The order of the Board is affirmed.