## COMMISSIONER OF INTERNAL REVENUE v. ROBERTSON'S ESTATE.

### No. 5220.

Circuit Court of Appeals, Fourth Circuit.

April 7, 1944.

Morton K. Rothschild, Sp. Asst. to the Atty. Gen., (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Wm. V. L. Turnbull, of Binghamton, N. Y., for respondent.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This case involves the imposition of the federal estate tax upon the estate of a decedent, and the question presented is whether or not under the provisions of § 303(a) (3) of the Revenue Act of 1926, 44 Stat. 9, as amended by § 403(a) of the Revenue Act of 1934, 48 Stat. 680, 26 U.S. C.A. Int.Rev.Acts, pages 232, 234, and under the provisions of the relevant Treasury Regulations the amount of the charitable bequests in the will of the deceased should be deducted from the gross estate in determining the net estate subject to taxation.[1]

Georgia Robertson, the decedent, died on January 10, 1939. She left an estate in excess of $200,000. By her will she devised and bequeathed the residue of her estate to Robert C. Turnbull in trust to pay the net income therefrom to her sister Mrs. Elbertine R. Hamilton for life, and after her death to pay certain sums of money to certain charitable organizations. The trustee was directed "to receive and collect the revenues and income therefrom and to pay over to my sister * * * the net income therefrom, for and during the term of her natural life. My said trustee is hereby authorized and empowered to pay to my said sister, absolutely and in fee simple, any portion of the principal sum mentioned in this bequest, if in the judgment of the said trustee, the best interests of my sister should so require". The amounts of the bequests and the names of the legatees, which are admittedly religious, educational or charitable organizations, were specified, and the only controversy is whether the amounts the legatees will ultimately receive are rendered so uncertain by the discretion lodged in the trustee to pay any portion of the principal sum of the trust to Mrs. Hamilton in her lifetime, that the legacies may not be deducted in computing the net estate to be taxed.

The Board of Tax Appeals made the following findings of fact: "The evidence shows that at the time of decedent's death her sister was over 76 years of age and married to a clergyman, eight years her

---

[1] The statute provides:

"§ 303. For the purposes of the tax the value of the net estate shall be determined—

"(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

"(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, \* \* \*."

Treasury Regulations 80 (1937 Ed.) provide:

"Art. 44. Transfers for public, charitable, religious, etc., uses.— \* \* \*

"If a trust is created for both a chari-

table and a private purpose, deduction may be taken of the value of the beneficial interest in favor of the former only insofar as such interest is presently ascertainable, and hence severable from the interest in favor of the private use \* \* \*."

"Art. 47. Conditional bequests.—If the transfer is dependent upon the performance of some act or the happening of some event in order to become effective, it is necessary that the performance of the act or the occurrence of the event shall have taken place before the deduction can be allowed.

"If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power."

senior. They had no children and lived with the utmost frugality, devoting themselves entirely to religious and charitable activities. The sister had a substantial income from an inheritance from her father's estate, amounting to about $175,000, the present value of which is about $150,000. For many years her expenditures for living and charitable donations had been less than her income and the trustee could foresee nothing which would require the use of any part of principal of the decedent's bequest for the sister's 'best interests'. The trustee had known both sisters for many years, and in his judgment the best interest of the beneficiary of the trust was to maintain her according to the standards of living of the past ten or fifteen years. He testified that she and her husband 'wouldn't be happy any other way'."

These findings were based upon uncontradicted evidence which also disclosed the following pertinent facts: Each of the sisters received from their father's estate upon his death in 1900 the sum of $175,000. From 1900 to the date of the decedent's death, Robert C. Turnbull, who is executor and trustee under her will, had charge of all of her investments and the collection of her income. In like manner and for the same period of time he had charge of all investments and the collection of income from the estate of the decedent's sister, Mrs. Hamilton. Her estate, at the time of the decedent's death, was worth approximately $150,000. She and her husband had lived for more than fifteen years in a six room apartment at a rental of $85 per month, keeping no servant except a cleaning woman who came in once a week. They dressed very simply; did not attend the theater or movies and kept no automobile. During the seven year period prior to the decedent's death their annual living expenses amounted to approximately $3,000 and Mrs. Hamilton's income approximated $4,200 per year. From 1933 to 1939 her total income was $30,000, of which she spent only $24,000. Her income after the decedent's death, with the addition accruing under the decedent's will, amounted to $24,500 for the period from 1939 to 1941, and her total expenditures amounted to $15,400, leaving an accumulation for the three year period of $9,100.

Upon this evidence the Board of Tax Appeals made the following ultimate finding of fact: "We think it clear, therefore, from the evidence that any uncertainty in the bequests to the charities by reason of the prior authority of the trustee to distribute principal if in his judgment the best interests of the beneficiary should require was negligible. The possibility that the charitable bequests would fail or be diminished was so remote as to be nil."

Similar problems have been discussed by the Circuit Courts of Appeals and by the Tax Court in decided cases.[2]

In Helvering v. Union Trust Co., 4 Cir., 125 F.2d 401, 403, certiorari denied 316 U.S. 696, 62 S.Ct. 1292, 86 L.Ed. 1766, we said: "The decided cases indicate that the mere possession of power by a trustee under a will to use a part of the principal of a trust estate for the maintenance of the beneficiary of the life estate will not of itself destroy the deductibility of a charitable bequest of the remainder, if the amount of the corpus that may be so used is capable of being stated in definite terms of money, so that the amount of the remainder given to charity is fixed and therefore capable of deduction from the gross estate."

The Supreme Court has had occasion to study the same problem in Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647, and more recently in Merchants Bank v. Commissioner, 320 U.S. 256, 64 S.Ct. 108. By the will considered in the first mentioned case the testator gave his wife the use of the residue of his estate for life with remainder to designated charities, but authorized the wife to use any additional sum from the principal which might be necessary to maintain her "in as much comfort as she now enjoys". She was an elderly woman and for a long time

---

[2] Pennsylvania Co. for Insurances, etc., v. Brown, D.C., 6 F.Supp. 582, affirmed 3 Cir., 70 F.2d 269; Knoernschild v. Commissioner, 7 Cir., 97 F.2d 213; Commissioner v. F. G. Bonfils Trust, 10 Cir., 115 F.2d 788; Gammons v. Hassett, 1 Cir., 121 F.2d 229; Commissioner v. Bank of America, 9 Cir., 133 F.2d 753; Langenbach's Estate v. Commissioner, 6 Cir., 134 F.2d 590; Commissioner v. Wells Fargo Bank & Union Trust Co., 9 Cir., 1943 P-H T.C. Memorandum Decisions Service, Par. 43,239; Estate of Schumacher v. Commissioner, 1943 P-H T.C. Memorandum Decisions Service, Par. 43,492; Estate of Hahn v. Commissioner, 1943 P-H T.C. Memorandum Decisions Service, Par. 43,533.

she and her husband had found the income of his estate more than sufficient for their support in the style of living to which they had become accustomed. Holding that the gifts to charity were not so uncertain that the deduction of the amount of the gifts could not be allowed, the court said (279 U.S. at page 154, 49 S.Ct. at page 291, 73 L.Ed. 647): "The principal that could be used was only so much as might be necessary to continue the comfort then enjoyed. The standard was fixed in fact and capable of being stated in definite terms of money. It was not left to the widow's discretion. The income of the estate at the death of the testator and even after debts and specific legacies had been paid was more than sufficient to maintain the widow as required. There was no uncertainty appreciably greater than the general uncertainty that attends human affairs."

In Merchants Bank v. Commissioner, supra, the court overruled the conclusion of the Tax Court that charitable bequests were deductible under a will in which the residue of the estate was left to a trustee with direction to pay the income to the wife for life, and with authority to invade the corpus "at such time or times as my said Trustee shall in its sole discretion deem wise and proper for the comfort, support, maintenance and/or happiness of my said wife, and it is my wish and will that in the exercise of its discretion * * * my said Trustee shall exercise its discretion with liberality to my said wife" [320 U.S. 256, 64 S.Ct. 110]. The wife had an independent income of her own. The living expenses of the decedent and his wife before his death were less than his income, and the living expenses of the wife after his death were substantially less than the combined income from her own property and the income from the trust, and she never needed or received any of the principal of the trust or had any intention of doing so. Nevertheless the court held that the charitable bequests were not deductible, two justices dissenting on the ground that there was ample evidence to support the Tax Court's finding. The Supreme Court said (320 U.S. at pages 261, 263, 64 S.Ct. at page 111,):

"For a deduction under § 303(a) (3) to be allowed, Congress and the Treasury require that a highly reliable appraisal of the amount the charity will receive be available, and made, at the death of the testator. Rough guesses, approximations, or even the relatively accurate valuations on which the market place might be willing to act are not sufficient. Cf. Humes v. United States, 276 U.S. 487, 494, 48 S.Ct. 347, 348, 72 L. Ed. 667. Only where the conditions on which the extent of invasion of the corpus depends are fixed by reference to·some readily ascertainable and reliably predictable facts do the amount which will be diverted from the charity and the present value of the bequest become adequately measurable. And, in these cases, the taxpayer has the burden of establishing that the amounts which will either be spent by the private beneficiary or reach the charity, are thus accurately calculable. Cf. Bank of America Ass'n v. Commissioner, 9 Cir., 126 F.2d 48.

\*    \*    \*    \*    \*

"Introducing the element of the widow's happiness and instructing the trustee to exercise its discretion with liberality to make her wishes prior to the claims of residuary beneficiaries brought into the calculation elements of speculation too large to be overcome, notwithstanding the widow's previous mode of life was modest and her own resources substantial. We conclude that the commissioner properly disallowed the deduction for estate tax purposes."

■■ Notwithstanding this decision, we think that the conclusions of the Tax Court in the pending case, resting as they do upon a finding of fact, must be affirmed. The respect to be given to such findings of the Tax Court, as well as the weight to be attached to its decisions on points of law, were emphasized in Dobson v. Commissioner, 320 U.S. 489, at page 494, 64 S.Ct. 239, at page 243, wherein it was said that "courts including this Court have not paid the scrupulous deference to the tax·laws' admonitions of finality which they have to similar provisions in statutes relating to other tribunals". We find ourselves unable to say that there is no substantial evidence here to support the finding of the Tax Court that "the possibility that the charitable bequests would fail or be diminished was so remote as to be nil". The frugal manner of life to which by choice the elderly couple for a long time had been accustomed, the substantial savings they had made from the wife's income in the seven year period preceding the death of the decedent, the increased savings from the wife's increased income in the three year

period subsequent to the decedent's death, the profound interest of husband and wife in religious and charitable enterprises and the intimate acquaintance of the trustee with their manner of life, their wishes and their financial situation made it as certain as anything can be that the charitable bequests will never be reduced by any action on the part of the trustee or the life beneficiary under the will. At the time of the decedent's death "there was no uncertainty [as to the amount of the legacies] appreciably greater than the general uncertainty that attends human affairs." Ithaca Trust Co. v. United States, 279 U.S. 151, 154, 49 S.Ct. 291, 73 L.Ed. 647. To hold otherwise would not only invade the province of the Tax Court but frustrate the obvious intent of Congress to encourage charitable bequests by allowing corresponding deductions from the taxable estate.

Affirmed.