**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**CHARLES FRANK THOMAS, Defendant**

Criminal No. 123-1966

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

March 23, 1966

Bruce MacGibbon, Esq., *for the plaintiff*

Thomas D. Ireland, Esq., St. Thomas, Virgin Islands, *for the defendant*

MICHAEL, *Municipal Judge*

THE COURT: This case came on for hearing on the amended motion of defendant, on stipulation of the parties, for the suppression of an item of evidence only, marked Ex. "E", to wit, a certain four-bladed "Bear" arrow listed on the Inventory filed with the court as one of the items found at the home of the defendant and seized pursuant to

a search warrant issued out of this court on February 4, 1966, and withdrawing that portion of his motion as to other evidence contained in the inventory.

In the stipulation, the Government agreed as follows: "That the Court may admit without objection thereto, the affidavits of the defendant filed herein without the necessity for further examination of the defendant as to the truth of the statements contained therein, nevertheless not admitting the truth of those statements; and further stipulates that in the event the defendant does not prevail on his within amended motion to suppress, then this stipulation and the proceedings held pursuant thereto shall be void. The defendant may then renew his motion to suppress all of the evidence listed in said inventory, and this stipulation shall not prejudice his rights on appeal should he lose either this or any subsequent motion to suppress evidence."

To this stipulation was appended the following for the judge's signature: "This stipulation is acceptable to the Court."

As it is the opinion of this court that no stipulation by contending parties could be acceptable to any court which provides if a certain one does not prevail the proceedings of the court "shall be void", the court has not signed the stipulation.

The previous motion made by the defendant was for an order suppressing the goods taken from his house by the Police on February 4, 1966, pursuant to Rule 41 (e) of the Federal Rules of Criminal Procedure, made applicable to this court by 5 V.I.C. § 3901 (b), and as reasons for the said motion, the defendant referred the court to his accompanying memorandum.

To this memorandum was attached one of defendant's affidavits, to which plaintiff stipulated that the court may admit without objection and without necessity for further examination of the defendant, but not admitting to the

truth of the statements therein contained. The affidavit is as follows:

"I, CHARLES THOMAS, age 46 and a United States Citizen residing at St. Thomas, United States Virgin Islands, after being duly sworn, state:

"My sons and I are the owners of four (4) bows—three (3) large ones and a smaller green plastic bow. To the best of my knowledge, these were all at my residence at Estate TuTu, St. Thomas, on February 4, 1966, when they were all removed by the police, and there was no four-bladed hunting arrow of Bear manufacture, and of the type allegedly used in the involved happening, in my residence on February 4, 1966.

"When the police came to my house on February 4th, they searched the house and took these bows and other materials away with them. They simply picked up these items and walked out. They did not make an inventory of the items in my presence and did not give me a receipt for them. I do not know exactly what they took.

"At police headquarters on February 4, 1966, I asked the police officers how many bows they found and told them there should have been a total of four (4) bows."

Notwithstanding the defendant stipulated that his motion should be limited to the suppression of the one item, and withdrawn as to the other evidence contained in the inventory, in his oral argument he stated that his whole objection to the admission of the evidence seized by the Police is "bottomed", to use his exact word, on the failure of the officers to give a receipt to the person from whom the goods were taken, and throughout his argument he referred to his memoranda filed with his previous motion.

Accordingly, the court will consider the defendant's motion to suppress as it relates to the one item, marked Def's Exhibit "E", and the validity or invalidity of the search and seizure as it relates to all items admitted in evidence.

In support of his motion for the suppression of evidence, the defendant filed a memorandum of law, to which a reply memorandum in support of denial of defendant's motion for the suppression of evidence was filed by the plaintiff. To this latter memorandum, the defendant filed a memorandum in answer to reply memorandum of the plaintiff, to which a memorandum in answer to reply memorandum of the defendant was filed by the plaintiff.

The defendant's motion to suppress is based on two points: (1) that the defendant was not given a receipt for the property taken as required by Rule 41 (d), and (2) that this defect in execution of the warrant has placed the defendant at a disadvantage, in that the return and inventory made to the court by the officers after the search contains an item, a "Bear arrow", which defendant contends, as set forth in the above affidavit, was not taken from defendant's premises.

The plaintiff admits in its memoranda that a receipt was not given to defendant at the time and place of the search, but contends that it was not necessary, "as the return of the search warrant in particular listed the inventory and certified receipt of the articles listed in the inventory by the officer authorized to execute the warrant." Further, that "the defendant has received a copy of the warrant and return, including inventory as admitted in defendant's memorandum."

Attached to plaintiff's memorandum in support of denial of defendant's motion to suppress the evidence, was an affidavit by one of the officers who executed the warrant, which reads as follows:

"I, James B. Freeman, Criminal Investigator of the Islands of St. Thomas and St. John, hereby affirm that on February 4, 1966, at about 5:15 p.m. in my office at Fort Christian, an inventory was made of the property seized on

a search warrant issued by Judge Cyril Michael of the Municipal Court on February 4, 1966.

"This inventory was made in the presence of Mr. Charles Thomas, of Estate TuTu, St. Thomas, V.I., who was the owner of the property and from whose house the property was taken, also Ptlm. Joseph Weekly, #47, Ptlm. Angel Lewis #50, and Detective Griffith, #9.

"The property taken was the type and kind listed in the warrant and Mr. Thomas assisted in the recovery by locating one 52″ bow and one four-bladed hunting arrow, with notation Bear on the shaft, and gave this to Ptlm. Weekly.

"At the time of the inventory Mr. Thomas observed every item that was listed in the inventory.

"Due to our effort to get an inventory for the return of the warrant and the fact that the Court was about to close and Mr. Thomas was present at this time the receipt for the property was inadvertently not given to Mr. Thomas who left immediately after the inventory was taken and Ptlm. Weekly had taken the warrant and inventory to see if he could make the return to the Court which had closed by this time."

To defendant's memorandum in answer to reply memorandum of the plaintiff, was attached a "Counter Affidavit", which plaintiff agrees that the court may admit without objection thereto on the same basis as the previous one. It is as follows:

"I, CHARLES FRANK THOMAS, defendant in the above action, upon my oath hereby depose:

"1. I was not present during any procedures which could, under any possible construction, be deemed the taking of physical inventory of the goods taken pursuant to the warrant in this case (particularly applying to the first two paragraphs of the Affidavit of James B. Freeman, made the 11th day of March, 1966).

"I did not hinder in any manner the search conducted by the police at my premises, if this is what is meant by 'assisting in the recovery' of any of the materials taken. I emphatically deny that the Bear arrow was on my premises at the time the officers came to effect their search.

"As to the fourth paragraph of Mr. Freeman's Affidavit, I emphatically deny that I was ever present at the time any inventory was taken either at my premises or at the Fort."

Due to the conflict in the affidavits, the court heard testimony thereon, together with argument of counsel, and after observing the demeanor of all who testified and weighing the evidence adduced, the court makes the following findings:

FINDINGS OF FACT

That the search warrant was served upon the defendant at Bolongo, after which the defendant, Chief Freeman and Detectives Weekly, Griffith and Lewis went to the home of the defendant;

That although there is a conflict in the testimony concerning the Bear Arrow, Def's Ex. "E", and which the amended motion seeks to suppress, the Court believes the credible evidence to be, and so finds, that it was handed to Detective Weekly by the defendant himself during the search at the defendant's home while the four officers were in the room where the search was being conducted, and was not one of those which the witnesses of the defendant testified was found in the grass outside the building before the search;

That at the time of the search, and in the presence of the defendant, other pieces of evidence were taken by the officers, but to which the amended motion does not apply;

That the defendant was not given a receipt for the property taken from the residence of the defendant on the 4th day of February, 1966, the date on which the search warrant was issued out of this court and served upon the defendant;

282

That subsequent to the taking of the items listed in the inventory, February 7, 1966, which was the next court day after the issuance of the warrant, an inventory was filed with the court;

That prior to the hearing on the motion a copy of the said inventory was furnished the defendant.

As already indicated, the defendant contends that the failure of the officers to give a receipt for the goods taken from his premises and failure to make inventory in his presence was unlawful, being a violation of Rule 41(d), and therefore a violation of his constitutional guarantees under the Fourth Amendment.

The pertinent portions of Rule 41(d) provides as follows:

"The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer."

The defendant further contends that the requirement of a receipt to be given the person from whom the goods are taken is "designed to assure that there shall be no addition, diminution, commingling, or other change in the nature of the goods taken and which may later be sought to be introduced in evidence."

The point now to be considered by this court is, whether the failure of the officers to give defendant a receipt for the articles seized as provided by Rule 41(d) of the Federal Rules of Criminal Procedure was such an omission as would make the search and seizure executed by the officers illegal ab initio.

This point has been extensively briefed and argued by both sides in support of the motion to suppress the evidence and in support of denial of motion to suppress.

In support of his position, the defendant has relied upon two cases—Giles v. United States 284 F.208 C.A. 1st Cir., decided October, 1922, and Murby v. United States, 299 F. 849, same circuit, decided December, 1923.

These cases strongly hold in effect that not only the failure of giving a receipt under a search warrant is illegal, but the mere failure in affirmatively making such a return renders the search and seizure illegal, and the goods seized inadmissible.

In the other case cited by the defendant, United States v. Smith, 16 F.2d 788, which cited the Giles case, supra, the court held that the warrant was not served by a person identified as one named in the warrant. Hence, it was served by a stranger who had no authority so to do, and the service was therefore invalid.

■ This court agrees with the above holding, and for the same reason given by the court, as the statute specifically provided that the search warrant may be served by any of the officers mentioned in its direction, *"but by no other person."* (Emphasis supplied.)

The warrant issued out of this court was addressed to any marshal, any policeman or peace officer in the district. If anyone other than the officers named had served it, it would have been analogous to the Smith case, supra.

■ It is the contention of the plaintiff, however, that failure to furnish receipt to the person from whom goods are taken under a valid search warrant or to make an inventory is *ministerial* in nature, and therefore does not invalidate the search nor make the goods seized inadmissible. The following cases cited by the plaintiff sustain this position: United States v. Kaplan, 286 F. 963, (1923); Rose v. United States, 247 F. 245, (1921), cert. den. 257

U.S. 665, 66 L.Ed. 419; Hurley v. United States, 300 F. 75, (1924); United States v. Gross, 137 F.Supp. 244, U.S.D.C., S.D. New York (1956); United States v. Zagar, 84 F. 245, 1936 cert. den. 299 U.S. 558, 81 L.Ed. 411; United States v. Klapholz, 230 F.2d 494, (1956); and United States v. Greene, 141 F.2d 856, (1956).

To the above cases may be added People v. York, 193 N.E. 773, People v. Guston, 169 N.E. 822, Nordelli v. United States, 24 F.2d 665, People v. Montanaro, 229 N.Y.S. (2) 677.

In the People v. Montanaro, supra, decided in 1962, Kings County Ct., the court held that the fact that police did not give a receipt for property seized did not invalidate the search when the filing of the inventory and the furnishing of defendant with a copy constituted a sufficient compliance with the statute.

Defendant contends that none of the cases cited by the plaintiff is in point to the case at bar, as in none of them was there a dispute as to the articles seized. Therefore, the failure to provide receipt in this case as provided by the Rule has caused him to suffer "material and grievous irreparable disadvantage to his defense to the charges brought."

This court is of the opinion that the majority view is to the effect that failure to give a receipt for goods taken does not invalidate a lawful search. As the court stated in U.S. v. Klapholz, 17 F.R.D. 18, (1955):

"Finally, the defendants insist that the search was invalid because they were never given a receipt for the items seized. While some authority exists for the proposition that failure to give a receipt invalidates an otherwise lawful search [citing Murby v. U.S. 293 F. 849], the weight of authority is to the contrary [citing McGuire v. U.S. 273 U.S. 93, 47 S.Ct. 259, 71 L.Ed. 556; Giacolone v. U.S. 13 F.2d 108; Hurley v. U.S., 300 F. 75; U.S. v. Clark 298 F. 533]. In Giacolone v. U.S., 13 F.2d 108, cited with approval by the Supreme Court in McGuire v. U.S. 273 U.S. 93, 97, 47 S.Ct. 259, 71 L.Ed.

556, the court said, 'If the search warrant was valid and the original entry lawful, we cannot agree with the contention that the search was rendered unlawful by the mere failure of the officers to leave a copy of the warrant and a receipt for the property taken, or by the destruction of a large portion of the property found on the premises.' "

The court ended by saying, "I am of the view that this statement sets forth the sounder rule."

The above case of U.S. v. Klapholz, was affirmed in U.S. v. Klapholz, 230 F.2d 494 in 1956.

In United States v. Freeman, et al., 144 F.Supp. 669, U.S.D.C. District of Columbia, the court stated at page 670, that "It is well settled that evidence obtained in violation of the Fourth Amendment may be suppressed on a motion made by a party who is aggrieved. A search made pursuant to a valid search warrant, however, complies with the requirements of the Fourth Amendment. The statute directs the mode in which a valid search warrant shall be executed. A violation of such a statute does not necessarily rise to the dignity of a violation of the Fourth Amendment."

■ It is clear from the above that once the search warrant was otherwise valid and the original entry lawful, which the defendant here does not deny, the other directives of the statute are ministerial and "does not rise to the dignity of a violation of the Fourth Amendment."

The only question which this motion poses, then, is whether the Bear arrow was taken from the residence of the defendant, which was a question of fact for the court to determine on motion. The court has already made a finding that it was taken from the residence of the defendant.

■ Even if the court had found that the Bear arrow was not fruit of the search under the search warrant, the other evidence which the officers seized would be admissible. There are oodles of cases holding thus.

With further reference to defendant's contention that none of the cases quoted by the plaintiff are in point on the

facts with this case, meaning that in none was there a dispute as to the articles seized, it is evident by the rationale of the majority rule that disputes of such a nature would be resolved in a hearing such as we had in this case, the failure of following the directives of the statute, which can be cured by motion, not "ris[ing] to the dignity of a violation of the Fourth Amendment."

Moreover, the possibility of disputes such as the one now before the court must have been envisioned by the Rule-making body, when it provided a procedure in the case where the person was not present at the time of taking, by directing that the officer "shall leave the copy [of the warrant] and receipt at the place from which the property was taken." What would prevent a person in such a case from contending that the receipt left by the officers for the things seized contained property not taken from his premises? And if he so contended, would the search and seizure be invalid ab initio? It is the opinion of this court that it would not. In such a case would the court not have to make a finding of fact upon motion as this court had to do in this case?

For the reasons set forth above, the defendant's motion to suppress will be denied.