In the Matter of the Appraisal under the Estate Tax Law of the Estate of CHARLES M. PRATT, Deceased.

STATE TAX COMMISSION, Appellant; BROOKLYN TRUST COMPANY OF NEW YORK as Surviving Executor, etc., of CHARLES M. PRATT, Deceased, Respondent.

Second Department, June 30, 1941.

*Mortimer M. Kassell* [*Harry T. O'Brien, Jr.*, with him on the brief], for the appellant.

*Sidney W. Davidson* [*McDonald E. Wrenn* with him on the brief], for the respondent.

CLOSE, J.  The question presented in this case is whether a transfer in trust made by the decedent many years before his death was a transfer intended to take effect in possession or enjoyment at or after death and, therefore, taxable under section 249-r of the Tax Law.  To explain the circumstances it is necessary to go back to the will of the decedent's father, Charles Pratt, who died testate in 1891.

Charles Pratt left his residuary estate in trust, to be divided into eight equal shares, one for each of his eight surviving children.  The will directed that the beneficiaries be paid certain fixed amounts of income, increasing progressively according to their age.  The

duration of the trust was to be measured by the lives of the testator's grandchildren, Morris Pratt and Mary Richardson Babbott. Upon their death the principal was to be paid to the eight beneficiaries or their issue.

The estate was a very large one and the excess income accumulated so rapidly that by 1902 it amounted to something in excess of $20,000,000. The will directed that such income be added to the principal of the trust, apparently in disregard of the statutes restricting accumulations. In 1902 the eight beneficiaries commenced an action in the Supreme Court to determine the ownership of the surplus income. On November 5, 1902, while the action was pending, the beneficiaries entered into an agreement described as a "family settlement of property." This agreement provided that if it should be determined in the pending action that the accumulations of income belonged to the beneficiaries of the testamentary trust, each beneficiary would convey his share of the surplus income in trust during the lives of Morris Pratt and Mary Richardson Babbott; the income to be paid to the grantor of each trust for life, or to his issue, or in default of issue to the other contracting parties; and the principal to be paid upon the termination of the trust in the same order.

On January 2, 1903, judgment was entered in the Supreme Court action determining that each beneficiary was entitled to receive the accumulated net income from his share of the trust. On January 15, 1903, each executed a deed of trust in accordance with the previous agreement. We are concerned only with that executed by the above-named decedent, Charles M. Pratt. By this agreement the decedent, the eldest child of Charles Pratt, transferred property of the approximate value of $2,400,000 in trust during the lives of Morris Pratt and Mary Richardson Babbott. The provisions made for the payment of principal and income were in accordance with the family settlement agreement. The decedent was to receive the income for life, and the principal if he survived the measuring lives of his son and niece. The decedent was then forty-seven years of age. Morris Pratt and Mary Richardson Babbott were seventeen and sixteen years of age respectively. No right of revocation was reserved.

Charles M. Pratt died in 1935, survived by Mary Richardson Babbott. The trust, therefore, continued in existence, but the contingency that the corpus might revert to the grantor was extinguished. In valuing the estate for tax purposes the appraiser omitted the trust property, valued at approximately $1,500,000. The State Tax Commission appealed from the pro forma order assessing the tax, and the surrogate dismissed the appeal, both originally and upon reargument.

Subdivision 3 of section 249-r, which is a part of article 10-C of the Tax Law, provides that in determining the gross estate for tax purposes there shall be included any interest transferred by the decedent, by trust or otherwise, " in contemplation of or intended to take effect in possession or enjoyment at or after his death." The decedent's reservation of income for life would not of itself identify the transfer as a taxable one under the statute (*Matter of Van Wagenen*, 170 Misc. 820; affd., 258 App. Div. 846; leave to appeal denied, 282 N. Y. 810); and the specific provision to that effect added by chapter 62 of the Laws of 1931 is not applicable retroactively to a trust created prior to its enactment. (*Matter of Sandford*, 277 N. Y. 323.) The important question is whether the transfer is brought within the statute by the fact that the principal would have reverted to the decedent if he had survived the two measuring lives. The appellant contends that because of this reservation by the decedent the gift to others was contingent upon his death and, therefore, must have been intended to take effect in possession or enjoyment at or after death.

Previous rulings in this State are contrary to the appellant's view. The material portion of section 249-r of the Tax Law has an exact counterpart in subdivision 2 of section 220 of article 10, which provides for a tax upon a transfer of property " intended to take effect in possession or enjoyment at or after such death." In construing that section we have held that where an *inter vivos* trust directs a reverter to the grantor if he survives the measuring lives the transfer is not for that reason one which takes effect at death. (*Matter of Kirby*, 133 Misc. 152; affd., 228 App. Div. 640; affd., 254 N. Y. 624; *Matter of Barstow*, 230 App. Div. 371; affd., 256 N. Y. 647.) We said in the *Barstow* case (*supra*) that the beneficiaries take a vested estate upon the creation of the trust, subject to being divested upon the grantor's survival. These cases would be decisive if the scheme of the Tax Law had remained unchanged.

But in 1930 the Legislature enacted article 10-C and made it applicable to the estates of persons dying thereafter. The effect of that enactment was to change the nature of the tax against decedent estates by substituting an estate tax for a transfer tax. (*Matter of Cregan*, 275 N. Y. 337.) The change becomes significant here because the present New York tax is similar to the Federal estate tax, and in construing the latter statute the United States Supreme Court has taken a contrary view of what constitutes a transfer intended to take effect in possession or enjoyment at or after death. That court has held that where the transfer is contingent upon the death of the grantor prior to the happening

of another event, his death is the factor intended to effectuate the transfer; and that the transfer is, therefore, taxable under the statute. (*Klein* v. *United States,* 283 U. S. 231; *Helvering* v. *Hallock,* 309 id. 106.) It now becomes necessary to determine whether we should follow these rulings.

In *Matter of Lyon* (233 N. Y. 208) the Court of Appeals decided that under section 220 of the Tax Law the right of survivorship accruing to one tenant by the entirety upon the death of the other was not a taxable transfer. Some years later the United States Supreme Court held to the contrary, under the Federal revenue acts, in *Tyler* v. *United States* (281 U. S. 497). The question arose again in *Matter of Weiden* (240 App. Div. 716), where a majority of this court elected to follow the New York rule laid down in *Matter of Lyon* (*supra*). The Court of Appeals reversed, following the United States Supreme Court decision in the *Tyler* case. (*Matter of Weiden,* 263 N. Y. 107.) Comment on the policy underlying the decision in the *Weiden* case will be found in *Matter of Cregan* (*supra*). With this precedent before us we are constrained to hold in the present case, adopting the construction placed on the statute by the United States Supreme Court, that the transfer is one intended to take effect in possession or enjoyment at or after the decedent's death. There is nothing to the contrary in *Matter of Hard* (261 App. Div. 192). There the Federal court rulings, in conflict with a previous controlling decision within the State, had been made only by courts of original or intermediate appellate jurisdiction. We were not obliged to follow them and thought it unwise to do so on the question there presented.

This conclusion does not result in retroactive taxation. The theory of the United States Supreme Court decisions is that the transfer takes effect, not when the trust is created, but at the date of the grantor's death. Here the taxing statute preceded the grantor's death and consequently is not invoked retroactively. (*United States* v. *Jacobs,* 306 U. S. 363; *Matter of Seitz,* 262 N. Y. 32; *Matter of Weiden, supra.*)

The respondent nevertheless contends that this transfer comes within that portion of section 249-r (subd. 3) which specifically excepts " a *bona fide* sale for an adequate and full consideration in money or money's worth." It is said that this was such a sale because the decedent acquired a possible right to share in the property of his brothers and sister. The possibility of the decedent sharing in the corpus of any of the other trusts was remote. He could do so only if (1) he should survive the two measuring lives of his son and niece, both of whom were about thirty years younger than he, and (2) one or more of his brothers or his sister, all younger

than he, should predecease him and leave no issue. At the time the trusts were created the decedent's sister and three of his brothers already had living issue, and eventually all of them had numerous descendants. It seems quite plain that the main purpose of the arrangement was not to benefit the grantors, but to assure the transmission of a large part of the family fortune to their descendants. We conclude that the transaction was not a sale, and that in any event there was no " adequate and full consideration in money or money's worth." (*Matter of Whittier*, 256 App. Div. 377; affd., 282 N. Y. 613.) A like conclusion has been reached by the Federal courts in the case of somewhat similar " family arrangements." (*Safe Deposit & Trust Co.* v. *Tait*, 295 Fed. 429; *Phillips* v. *Gnichtel*, 27 F. [2d] 662; certiorari denied, 278 U. S. 636.)

Nor is there any virtue in the contention that, if the transfer is to be held taxable, the tax should be imposed only on the value of the decedent's reversionary interest. The claim is that only that interest was transferred by his death; and that, since such interest was always remote, its value is zero. If we are to follow the Supreme Court decisions we must hold that the effect of the decedent's death was not merely to remove an impediment in the form of the grantor's reversionary interest, but to bring about affirmatively the transfer of title to the whole fund. The remainder, which then vested for the first time, is the fund to be taxed. (*Sargent* v. *White*, 50 F. [2d] 410.) We conclude that the tax is to be assessed against the full value of the trust fund at the date of the decedent's death.

The order entered on reargument should be reversed on the law, with costs to the appellant, payable out of the estate, and the matter remitted to the Surrogate's Court to enter an order assessing a tax on the full value of the property in the trust fund at the date of the decedent's death.

LAZANSKY, P. J., HAGARTY, CARSWELL and JOHNSTON, JJ., concur.

Order of the Kings County Surrogate's Court, entered on reargument, reversed on the law, with costs to the appellant, payable out of the estate, and the matter remitted to the Surrogate's Court to enter an order assessing a tax on the full value of the property in the trust fund at the date of the decedent's death.