## INDUSTRIAL TRUST CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4038.

Circuit Court of Appeals, First Circuit.

Oct. 29, 1945.

Stuart H. Tucker and Hinckley, Allen, Tillinghast & Wheeler, all of Providence, R. I., for petitioners for review.

Eugene E. Beyer, Sp. Asst. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Seawall Key and Carleton Fox, Sp. Assts. to the Atty. Gen., and J. P. Wenchel, Chief Counsel, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This case is here on the petition of the executors of the estate of J. Jerome Hahn to review the decision of the Tax Court which sustained the determination by the Commissioner of Internal Revenue of a deficiency in the estate tax of $381,138.88.

The testator died in Providence, Rhode Island, December 6, 1938, leaving a widow sixty-five years of age, his mother who died in 1941 and a sister who died in 1945. His gross estate was estimated to be $1,873,-436.05 and after the executors made certain deductions amounting to $1,456,073.64 and a specific exemption of $100,000, reported a net estate of $317,362.41. The Commissioner disallowed the deduction of $1,326,274.57 claimed as charitable bequests and adjusted the net estate to $1,658,460.45. The testator made certain specific bequests and left the remainder of his estate in trust. Under the Thirteenth paragraph of the will the trustees were directed to pay from the net income of the trust estate an annuity of $12,000 to his wife and an an-

nuity of $6,000 each to his mother and sister during their respective lives. The Trustees were authorized and directed to pay over to the testator's wife in addition to the fixed income so much of the net income of the trust, or if that be insufficient, so much of the principal as the trustees other than the widow, deem proper for the "comfort and pleasure" of the widow, in their "sole and uncontrolled discretion". The testator further directed that "said powers and discretion be liberally construed for the benefit of my wife for the assurance of her comfortable maintenance and support". The trustees were given the same powers and discretion with regard to the testator's mother and sister.

Upon the death of the widow the Trustees were directed to pay a total of $21,000 to certain charitable and educational institutions and upon the decease of the annuitants or upon annuities being provided for such annuitants as survived the widow, the Trustees were directed to pay $150,000 to Miriam Hospital, seven-eighths of the remainder of the trust fund to the Rhode Island Hospital and the remaining one-eighth to certain relatives. From 1939 to 1942 payments from the trust fund were substantially less than its income.

The question presented here is whether, in view of the terms of the trust instrument, the value of the charitable bequests was sufficiently ascertainable at the time of the testator's death to warrant a deduction under § 812(d) of the Internal Revenue Code, 53 Stat. 123, 26 U.S.C.A. Int. Rev.Code, § 812,[1] and the applicable Regulations thereunder.[2]

We think the Tax Court was correct in sustaining the Commissioner's denial of the deduction. It is well established that a deduction for a charitable gift will not be allowed if the value of the charitable gift cannot be definitely ascertained at the date of the testator's death. Merchants National Bank v. Commissioner, 1943, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35; United States v. Provident Trust Company, 1934, 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793; Ithaca Trust Company v. United States, 1929, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Humes v. United States, 1928, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667.

The Trustees have not sustained the burden of establishing that the value of the bequest to the charities was accurately ascertainable at the death of the testator. The broad language of the will prevents a definite appraisal of the value of the charitable gifts at the time of the death of the testator.

In Gammons v. Hassett, 1 Cir., 1941, 121 F.2d 229, certiorari denied 1941, 314 U.S. 673, 62 S.Ct. 136, 86 L.Ed. 539, the testator left his estate in trust directing the trustees to pay the income thereof and so much of the principal to his widow as she may need

[1] "§ 812. Net estate
"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*       \*       \*       \*       \*       \*       \*

"(d) Transfers for public, charitable, and religious uses. The amount of all bequests, legacies, devises, or transfers \* \* \* to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual \* \* \*."

[2] "Treasury Regulations 80 (1937 Ed.)
Art. 44. Transfers for public, charitable, religious, etc. uses. \* \* \*
If a trust is created for both a charitable and a private purpose, deduction may be taken of the value of the beneficial interest in favor of the former only insofar as such interest is presently ascertainable, and hence severable from the interest in favor of the private use.
\*   \*   \*
Art. 47. Conditional bequests.—if the transfer is dependent upon the performance of some act or the happening of some event in order to become effective it is necessary that the performance of the act or the occurrence of the event shall have taken place before the deduction can be allowed.
If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power."

or desire during her life, with remainders over to charity. At the time of his death the widow was ninety-three years of age, an invalid, and possessed property valued at about $190,000. This court held that the value of the charitable gifts was not definitely ascertainable at the date of the testator's death, that he (121 F.2d at page 232) "intended to give her (his widow) a broad power of invasion of the principal, not restricted to a mere use of the corpus for the purpose of satisfying her needs."

In Commissioner v. Merchants National Bank, 1 Cir., 1942, 132 F.2d 483, 484, the trustee of a testamentary trust was directed to pay the net income to the widow for life and was authorized to pay her "such sum or sums from the principal of the trust fund and at such time or times as my said Trustee shall in its sole discretion deem wise and proper for the comfort, support, maintenance, and/or happiness of my said wife * * *." The widow possessed a large amount of property, real and personal, in her own right. We held that it did not appear that the term "happiness" should be considered a mere superfluity, that "happiness" was a subjective matter to be left to an honest determination by the widow, and hence the value of the charitable bequests was not ascertainable at the time the testator died and consequently was not deductible from the gross estate, even though the likelihood of the invasion of the trust was extremely remote. On certiorari, the Supreme Court affirmed this decision in Merchants Nat. Bank v. Commissioner, 1943, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35, and held that the taxpayer has the burden of proving that the amounts to be spent by the beneficiary or to reach the charities are accurately calculable at the time of the testator's death. It said (320 U.S. at page 260, 64 S.Ct. at page 111): "The limit of permissible contingencies has been blocked out in a more convenient administrative form in Treasury Regulations which provide that, where a trust is created for both charitable and private purposes the charitable bequest, to be deductible, must have, at the testator's death, a value 'presently ascertainable, and hence severable from the interest in favor of the private use,' and further, to the extent that there is power in a private donee or trustee to divert the property from the charity, 'deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power.' These Regulations are appropriate imple-

mentations of § 303(a) (3), and, having been in effect under successive reenactments of that provision, define the framework of the inquiry in cases of this sort." The Regulations referred to and approved by the Supreme Court are the same as those which govern the instant case.

■ In the case at bar, the petitioners contend that the widow's mode of life removes the possibility of any invasion of the corpus of the trust for her pleasure. This same argument was advanced in the Merchants Nat. Bank case, supra, 320 U.S. at page 263, 64 S.Ct. at page 112, and the Supreme Court said: "Introducing the element of the widow's happiness and instructing the trustee to exercise its discretion with liberality to make her wishes prior to the claims of residuary beneficiaries brought into the calculation elements of speculation too large to be overcome, notwithstanding the widow's previous mode of life was modest and her own resources substantial." In Funk & Wagnall's Dictionary we find the synonyms for pleasure are "amusement, comfort and happiness". We believe the term "pleasure" in the case at bar is at least no narrower than the term "happiness" and where, as here, the power of invasion exists, to such a speculative degree, the value of the gifts to charity is not sufficiently definite to be deductible.

■■ However, the petitioners contend that the specific bequests to certain named charitable beneficiaries are definitely ascertainable in value and hence deductible since the possibility of an invasion of the corpus of the trust to the extent of these specific bequests is extremely remote. They argue that the broad discretion of the Trustees, under Rhode Island law, must be exercised reasonably, that an invasion to the extent of the specific bequests would be unreasonable and would constitute a breach of trust. But the Trustees were given the authority to use any or all of the trust funds to satisfy the pleasure of the widow. It cannot be said that the conditions determining the extent to which an invasion might properly be made were readily ascertainable or reliably predictable at the time of the testator's death. The Regulations say that the "deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power." (Italics supplied.) Treasury Regulations 80 (1937 ed.) Art. 47.

We cannot now say when or under what circumstances an invasion of the corpus

of the trust, even to the extent of the specific charitable bequests, would be unreasonable. Moreover, the limit of the Trustees' discretion, where their discretion is absolute and uncontrolled, is not the test of reasonableness but rather their honest exercise of judgment in compliance with the testator's presumed wishes. See Restatement of Trusts, § 187, Comment j; 2 Scott, Trusts, § 187.

Insofar as Commissioner v. Wells Fargo Bank & Union Trust Co., 9 Cir., 1944, 145 F.2d 130, and Commissioner v. Robertson's Estate, 4 Cir., 1944, 141 F.2d 855, may be inconsistent with this decision, they are inconsistent with the Merchants National Bank case, supra, which we think is controlling. But both of those cases presented a different factual situation from the one now before us. In the Wells Fargo case the Trustees were empowered to apply such part of the principal as they deemed reasonable to assist a niece in case of need on account of any sickness, accident, want, or other emergency, and in the Robertson case the Trustee was authorized to pay any portion of the principal to the testator's sister if in the judgment of the Trustee the best interests of the sister so require. The discretion of the Trustees involved in those cases was much narrower and more limited than that in the trust here involved.

The decision of the Tax Court is affirmed.