In the Matter of the Estate of ABRAM ELMENDORF, Deceased.

Surrogate's Court, Ulster County, April 14, 1954.

*Connelly & Connelly* for National Bank of Kingston, as executor of Abram Elmendorf, deceased.

*Lloyd R. Le Fever* for Hurley Reformed Church and others.

*Floyd W. Powell* for State Tax Commission.

STERLEY, S. This is an appeal pursuant to section 249-X of the Tax Law to the Surrogate of this county from an order dated November 5, 1951, fixing the transfer tax in the above estate at $2,159.88.

Abram Elmendorf, late of the Town of Hurley, Ulster County, New York, died on the 17th day of May, 1950, leaving a last will and testament which was duly admitted to probate by the Surrogate's Court of Ulster County on the 8th day of June, 1950, and letters testamentary thereon issued to the State of New York National Bank of Kingston, New York, the executor named therein.

He left him surviving as his only heirs at law, next of kin and distributees — S. Katherine Elmendorf, surviving spouse; Sarah L. Elmendorf, sister.

Under the terms of his will, decedent provided as follows:

1. A bequest of $125 to the Hurley Cemetery Association, the income of which is to be used for the perpetual care of his plot therein.

2. Directs trustee to purchase a monument and place the same over decedent's grave at an expense of not less than $800 (this provision was voided due to the fact that the decedent purchased and had placed on his plot a monument prior to his death).

3. To his sister, Sarah L. Elmendorf during her natural life the use of that portion of the homestead she now occupies as a home. Directs the trustee to pay to the sister from income $300 a year and if said sum is not sufficient for her comfort, such annual amount may be increased up to $1,000 per year.

4. Bequeaths to his wife, the sum of $3,500 and also all household goods, furniture, books, etc. Also gives to his wife the use and full possession of the homestead property except that portion used by his sister during her life there. Directs trustee to pay to the wife $1,300 per year during her life and if these payments are not sufficient for her comfort, directs trustee to liquidate any portion or all of the estate.

5. Balance of the estate to be placed in a trust fund and from the net income therefrom, the trustee is directed to pay to the Hurley Reformed Church 20%, the Salvation Army 10%, The Industrial Home 10%, The Home for the Aged 10%, The Kingston City Hospital 10%, The American Bible Association 10%, The Tuberculosis Hospital 10%, The Young Men's Christian Association 10%, New York Society for the Relief of the Ruptured and Crippled 10%.

Section 17 of the Decedent Estate Law provides '' No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more. The validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent.''

Decedent left him surviving his wife only and no child or descendant and no parent. The surviving wife is the only person who has any right to contest devises or bequests exceeding more than one half of decedent's estate.

Section 18 of the Decedent Estate Law provides that the surviving spouse may elect to take his or her share of the estate as in intestacy where the aggregate of the provisions under the will for the benefit of the surviving spouse is less than the intestate share. Such election may be made within six months from the date of the issuance of letters testamentary.

In this proceeding for the probate of decedent's will the surviving spouse executed a waiver and consented to its immediate probate.

Decedent's will was admitted to probate by the Surrogate of this county on June 8, 1950, and on that day letters testamentary thereon were issued to the State of New York National Bank of Kingston, New York, the executor therein named.

The surviving spouse at no time entered any contest as to the provisions of the will or served notice of election to take as in intestacy. The time to do so has long since expired.

Under the terms of decedent's will, a trust estate was created of the residuary estate, the net income from which was to be paid to certain named organizations; the names of such organizations as heretofore set forth.

All of the beneficiaries of this trust estate are exempt from transfer tax under the provisions of section 221 of the Tax Law. Sufficient proof of the character of these corporations is set forth under schedule N in the return in the proceedings.

In the brief of the attorney for the State Tax Commission he appears to rely largely on *Merchants Bank* v. *Commissioner* (320 U. S. 256) which was decided on November 15, 1943. This case involves a question of Federal taxes. In the Abram Elmendorf estate herein the Federal Government found that the value of the charitable bequests was ascertainable and declared the Elmendorf estate exempt from taxation, with full knowledge of the case heretofore cited by the attorney for the State Tax Commission in his brief.

The attorney for the State Tax Commission argues that there is a likelihood of invasion of the principal of the estate because of the smallness of the sum of $1,300 payable to the widow each year. Under the terms of the decedent's will his sister was given the life use of a portion of the homestead property and an annual income not to exceed $1,000 per year payable out of income.

The widow was given the life use of the remainder of the homestead property; all of the furnishings; $3,500 in money and a yearly income of $1,300 and provided further that if those payments were not sufficient for her comfort and happiness the

executor might invade the corpus. It certainly was the intention of the testator to prevent the executor from resorting to the corpus unless the income from the estate was not sufficient for her comfort and happiness. The deceased left a large estate and the annual income from the same was approximately $7,500. Of that amount it seems reasonable to believe that approximately $6,000 or slightly more per year could be used for the comfort and support of the widow. It seems clear that the income available to the support and happiness of the widow was more than sufficient so that any resort to the corpus could not reasonably be anticipated.

It is the opinion of this court that the bequests to the charities have a definitely ascertainable value and the possibility of the invasion of the corpus of the estate is so slight as not to detract from the value of the charitable gifts.

Therefore, it is the opinion of this court that the entire estate is exempt from transfer tax.

A decree may be entered upon notice accordingly.