The **THIRD NATIONAL BANK & TRUST COMPANY OF SPRINGFIELD**, Executor-Trustee-Transferee under the last will and testament of Arthur Henry Powers,

v.

**UNITED STATES of America.**

**Civ. A. No. 53–981–F.**

United States District Court,
D. Massachusetts.

March 14, 1955.

David R. Berg, Springfield, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

This is an action by the executor and trustee under the will of Arthur Henry Powers to recover additional taxes assessed against the estate. Decedent, who died January 15, 1946, left the residue of his estate, approximately $30,000, in trust to plaintiff. Income from the trust was to be paid to decedent's sister, Cora G. Powers, during her life. At her death the trust was to terminate and the entire remainder of the trust was then given to the Roman Catholic Bishop of Springfield for religious, charitable and educational purposes. The will contained the following further provision relating to the trust " *   *   * I give said trustee the power to make payments in its dis-

cretion of amounts from the principal to my said sister, if in its opinion it shall deem wise.".

Cora Powers had lived with her brother and acted as his housekeeper until the time of his death. At that time she was 69 years of age. There was evidence that she had always led a quiet, simple life and has continued the same style of living since that time. From her own funds and property coming to her at her brother's death, she then had about $40,-000. Her annual income, including payments from the trust, at that time was about $3,500. Her living expenses each year amount to about $2,500. Her total wealth has consequently increased so that at the present time she has between $50,000 and $60,000, with an annual income at the present time of $5,400. She has never made any request for any payment from the principal of the trust funds, and would now be willing to make a disclaimer of her right to receive such payments. She did not, however, make any such disclaimer within the period specified in the statute, 26 U.S.C.A. § 812(d).

Plaintiff claimed a deduction of the value of the reversionary interest of the bishop as a bequest for religious, charitable and educational purposes, 26 U.S.C.A. § 812(d). This deduction was disallowed and an additional tax assessed and paid, which plaintiff seeks to recover in this action.

■ The sole issue here is whether the reversionary interest given to charity is sufficiently certain and ascertainable in amount to meet the requirements for deduction under § 812(d). Where the corpus of a trust ultimately destined for charitable purposes is made subject to invasion for the benefit of a private legatee, no deduction under § 812(d) can be allowed unless it is possible at the death of the testator to make a highly reliable appraisal of the amount which the charity will ultimately receive. Merchants National Bank of Boston v. Commissioner of Internal Revenue, 320 U.S. 256, 261, 64 S.Ct. 108, 88 L.Ed. 35. It

must first be found that there is a definitely ascertainable standard by which the possible exercise of the power to invade the principal may be measured. Only when there is such a fixed standard is it possible to take the second step of determining in terms of that standard, the possibility of invasion, and the value of what the charity is likely to receive. Newton Trust Co. v. Commissioner, 1 Cir., 160 F.2d 175, 178.

■ In the present case, the only possible standard which can be found in the will of the testator, is in the provision that payments to the life beneficiary from principal are to be made by the trustee "if in its opinion it shall deem wise." This is not a sufficiently definite standard. It is not a standard "fixed in fact and capable of being stated in definite terms of money." Ithaca Trust Co. v. United States, 279 U.S. 151, 154, 49 S.Ct. 291, 73 L.Ed. 647. A standard of sufficient definiteness was found in that case in a provision authorizing payments to the widow "that may be necessary to suitably maintain her in as much comfort as she now enjoys.'" In other cases, limitation of the extent of invasion to what was required for the "comfort" or the "support and maintenance" of the beneficiary has been held to supply a definite standard when such expressions could be interpreted as providing only for the continuance of the standard of living which the beneficiary had enjoyed at the time of the decedent's death. Berry v. Kuhl, 7 Cir., 174 F.2d 565, 568, and cases there cited. So also the words "'comfort and welfare'" have been found to afford a sufficiently definite standard. Blodget v. Delaney, 1 Cir., 201 F.2d 589, 593.

Here, however, we do not have any such limitation. The only requirement is that the trustee must invade the principal only when it deems wise. It does not seem that in this there is any standard capable of being stated in definite terms of money. It does not offer even such a restriction as the phrase "'use and benefit'" which was held to furnish

444

an insufficiently definite standard. Newton Trust Co. v. Commissioner, supra [160 F.2d 179]. The language of the will in the instant case may impose some restriction on the trustee. Probably it would not be justified in financing from principal the whimsical or frivolous wishes of the beneficiary. But it is conceivable that the trustee could legitimately determine that it would be wise to allow invasion of the corpus for expenditures other than those necessary to maintain beneficiary in her previous standard of living.

 Plaintiff argues that in the light of testator's knowledge of his sister's financial situation and established living habits he must have expected no invasion of the corpus and should be held to have intended to authorize only such an invasion as might be needed to provide for her in her accustomed way of living. Testator did not, as he could easily have done, write such a limitation into the will. So also it is not decisive that the trustee now says it would not deem it wise to invade the principal unless it became necessary to do so in order to maintain beneficiary in her accustomed standard of living. The governing factor is that the trustee actually has been given by the language of the will a power of invasion so broad that there is no definite standard by which the extent of permissible invasion can be measured. In the absence of such a standard, it is not important that in actual fact there may be very little likelihood that the beneficiary here will ever ask for or be given any of the principal of the trust. Unfortunate as the result may seem, the charitable deduction must be denied in the absence of the required standard, and it has been so denied in cases where under the actual circumstances there was a moral certainty that the power to invade would never in fact be exercised. It is the existence of the power to invade under the terms of the will, and not the practical likelihood of its use as shown by extrinsic circumstances, that must govern the case. Henslee v. Union Planters Nat. Bank, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259; Blodget v. Delaney, supra; Gammons v. Hassett, 1 Cir., 121 F.2d 229.

Judgment for defendant. Costs.