The THIRD NATIONAL BANK AND TRUST COMPANY OF SPRINGFIELD, Executor, Plaintiff, Appellant,

v.

UNITED STATES of America, Defendant, Appellee.

No. 5010.

United States Court of Appeals First Circuit.

Heard Dec. 6, 1955.

Decided Jan. 3, 1956.

David R. Berg, Springfield, Mass., for appellant.

I. Henry Kutz, Washington, D. C., with whom H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Carolyn R. Just, Washington, D. C., Anthony Julian, U. S. Atty., and Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., were on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a judgment entered for the defendant in a suit to recover a deficiency in estate taxes assessed against the plaintiff-executor and paid by it to the Collector of Internal Revenue at Boston, Massachusetts. The general question presented is one we have had occasion to consider several times during the last decade and a half.[1] It is whether a remainder to charity subject under certain circumstances to invasion by a trustee for the benefit of a life tenant is deductible under § 812(d) of the Internal Revenue Code of 1939, 53 Stat. 124, 26 U.S.C.A. § 812(d).

The testator, a Roman Catholic parish priest who died in January 1946, left

---

1. Gammons v. Hassett, 1 Cir., 121 F.2d 229, ceriorari denied 1941, 314 U.S. 673, 62 S.Ct. 136, 86 L.Ed. 539; Commissioner of Internal Revenue v. Merchants National Bank of Boston, 1 Cir., 1942, 132 F.2d 483, affirmed sub nom. Merchants National Bank of Boston v. Commissioner, 1943, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35; Industrial Trust Co. v. Commissioner, 1 Cir., 1945, 151 F.2d 592, certiorari denied 1946, 327 U.S. 788, 66 S.Ct. 807, 90 L.Ed. 1014; Newton Trust Co. v. Commissioner, 1 Cir., 1947, 160 F.2d 175; Blodgett v. Delaney, 1 Cir., 1953, 201 F.2d 589.

the residue of his estate amounting to approximately $30,000 to the plaintiff bank as trustee with directions to pay the income to his sister for life, and at her death to turn the principal over to the Roman Catholic Bishop of Springfield, Massachusetts, for religious, charitable, and educational purposes. But he limited his gift over to charity by giving his trustee "power to make payments in its discretion of amounts from the principal to my said sister, if in its opinion it shall deem wise."

The plaintiff-appellant contends that interpreting the language of the will in conformity with principles enunciated in numerous decisions of the Supreme Judicial Court of Massachusetts the trustee does not have broad power to invade principal as its wisdom dictates, as the literal language of the will implies, but that the trustee's power of invasion is restricted to use of the principal only so far as may prove necessary to maintain the life beneficiary in the manner of living to which she was accustomed up to the time of her brother's death. Thus it is said that in spite of the broad language in the will, actually under Massachusetts law the trustee's power of invasion is governed by a standard "fixed in fact and capable of being stated in definite terms of money" similar to the standard found adequate to warrant a charitable deduction in Ithaca Trust Co. v. United States, 1929, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647. Then, pointing to the fact that the life tenant was an unmarried woman of 69 when her brother died, that as her brother's housekeeper for a number of years she had always lived a very quiet, religious, frugal life, and that her income from the trust and from other sources had always proved substantially more than enough for her simple needs, the plaintiff-appellant contends that the probability of any necessity for invasion of principal to maintain her in her accustomed way of living is so remote as to be negligible. Wherefore it says that a charitable deduction ought to be allowed.

The District Court did not find the plaintiff-appellant's first and basic contention persuasive and therefore did not reach its second and dependent one. We agree. Indeed, we would summarily affirm on the opinion of the court below, reported 1955, 129 F.Supp. 442, were it not for the fact that after that court's opinion was handed down the plaintiff-appellant, referring specifically to the instant tax controversy, petitioned the Massachusetts Probate Court having jurisdiction for instructions, and that court decreed that "a proper interpretation and construction of said will is that amounts of principal could be paid by the trustee to the life beneficiary as were found to be necessary by the trustee for maintenance and support of the life beneficiary in a manner fitting to her station in life and consistent with the standard of living which she enjoyed at the time of the death of the testator."

In Channing v. Hassett, 1 Cir., 1952, 200 F.2d 514, 518, we said that while it might be that an unappealed probate court decree like the present which was obtained under identical circumstances might be conclusive upon us as to the powers of a testamentary trustee, nevertheless the effect to be given to such a decree "is not free from difficulty." Wherefore we chose not to rest our decision in that case upon such a decree. We do the same here for the present decree does not settle a concrete controversy between actively adversary parties, but only restates a general principle applicable in Massachusetts to the interpretation of comparable testamentary language without making any attempt to apply the principle to an actual situation confronting the executor in the course of administration. That is to say, the decree only states an existing rule of law in Massachusetts, and no doubt elsewhere also, to be applied as a general proposition in the absence of indications to the contrary in the language of the will itself or in the circumstances surrounding its use. It is in effect a mere statement of abstract principle. It is not a hard and fast ruling for the future

**774**

that no matter what situations may arise it could never be "wise" for this trustee to provide the present life beneficiary in her declining years with a somewhat easier and more luxurious life than the austere regimen she had followed as a younger woman. Thus, the Probate Court's interpretation is not the equivalent of the specific limitation put on the trustee's power of invasion by the testator in the Ithaca Trust case who categorically said that his trustee had authority to use principal for the life tenant's benefit only to the extent " 'that may be necessary to suitably maintain her in as much comfort as she now enjoys.' " And we think that the Ithaca Trust case, even with its express testamentary limitation, must be regarded as going to the very verge of the law. See Chief Judge Magruder's concurring opinion in Gammons v. Hassett, 1 Cir., 1941, 121 F.2d 229, 235.

The judgment of the District Court is affirmed.