Howard M. BISCOE, Jr., Executor of
the Will of Howard M. Biscoe

v.

UNITED STATES of America.

Civ. A. No. 56–197.

United States District Court
D. Massachusetts.

Jan. 30, 1957.

Charles M. Ewing, Hemenway & Barnes, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this action as executor of the estate of his father to recover an alleged overpayment of estate taxes, for which claim for refund has been duly made and disallowed by the Commissioner of Internal Revenue. The principal issue is whether property conveyed to a certain trust by testator before his death was property included in testator's gross estate.

Plaintiff Howard M. Biscoe, Jr. was the only son of Howard M. Biscoe, the testator, and his wife Florence S. Biscoe. The trust in question was established by Florence S. Biscoe on March 14, 1938, for the benefit of her son and his issue. It provided that the trustees were "to pay over to my said son Howard M. Biscoe, Jr. so much of the net income as the trustees shall in their absolute discretion decide as best for his interest for and during his natural life, adding the unexpended balance of income to principal * * *." On the death of Howard M. Biscoe, Jr. the trust provided for payment of the income and ultimately of the principal to his daughters or their issue. Howard M. Biscoe, Jr. was one of the original trustees, and his father Howard M. Biscoe became the other trustee on March 15, 1938, and remained a trustee until his death.

At various times during the calendar years 1941, 1945 and 1946 the father

made gifts of money and securities to this trust. No gift tax was due on the 1941 gift. Gift taxes of $200.28 on the 1945 gift and $247.50 on the 1946 gift were paid by plaintiff from the estate after his father's death. The value of the property thus given to the trust was, on the optional valuation date selected by the plaintiff, $50,486.01. The controversy here is as to the propriety of the inclusion of this sum in decedent's gross estate.

During the time the father was a trustee he took no active part in the management of the trust. The entire administration of the trust was in the hands of the plaintiff, who received all payments due to the trust, and eventually paid all the income over to himself individually. Plaintiff during this time had a wife and two daughters, born in 1932 and 1933 respectively. He was an employee and later a partner in a Boston investment banking firm. His annual income from this firm varied from year to year, but averaged about $7,500. His only other substantial source of income was the income received from the trust fund, which averaged about $5,200 a year. At times this income was insufficient to cover all his living expenses and he received additional sums from his father.

The issue here is whether decedent is making the transfers of his property to the trust retained "the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom." 26 U.S.C.A. § 811(c) (2). The right to determine whether the trust income shall be paid to a named beneficiary or added to the corpus of the trust where it will eventually pass to the remaindermen is such a right. Industrial Trust Co. v. Commissioner, 1 Cir., 165 F.2d 142, 145, 146, 1 A.L.R.2d 144. Plaintiff's contention seems to be that decedent had no power to designate who should receive the income from the trust because under the circumstances it is inconceivable he would do anything except to allow the income to go to his son. The controlling factor, however, is the existence of the right to designate the person to possess or enjoy the property. Under the terms of the trust decedent had that right, and it is immaterial that in the actual circumstances he was likely to exercise that right in only one way. Under the express provision of § 811(c) (2) it makes no difference that he had the right as co-trustee with his son, and not alone. It is, of course, possible to conceive a situation where co-trustees may disagree to the extent that the proper court might remove one or both. But this possibility does not mean that while the trustee retains his office he does not possess the powers given him by the trust instrument. The fact that the decedent took no active part in the affairs of the trust is no indication that he had no power to act. Under the circumstances here shown it is clear that he was satisfied with what his son and co-trustee was doing, and hence there was no occasion for his active exercise of the powers which he did possess.

The contention that decedent was so limited by the actual circumstances of the situation that he had no real power to do otherwise than he did rests on a misconception of the test prescribed by § 811(c). Property given to a trust by the trustee is not includable in his estate where the trustee's exercise of his powers is regulated by a recognizable external standard not subject to his control. Jennings v. Smith, 2 Cir., 161 F.2d 74, 77 (power to invade capital if beneficiary " 'should suffer prolonged illness or be overtaken by financial misfortune which the trustees deem extraordinary' "); Estate of R. W. Wier, 17 T.C. 409 (power to use income or corpus to maintain, educate and support daughter in the manner appropriate to her state in life). However, a power in the settlor-trustee to be exercised at his discretion uncontrolled by any recognizable external standard set forth in the trust instrument requires the inclusion of the trust property in the es-

tate. Industrial Trust Co. v. Commissioner, supra (trustee to pay over so much of income as he should in his absolute discretion determine); Estate of Albert E. Nettleton, 4 T.C. 987 (trustees to have power in their uncontrolled discretion to use such part of principal "as they may consider suitable and necessary in the interests and for the welfare of such beneficiary"). The power given to the trustee in the present instance falls clearly within the latter class. It was a power to pay to the son "so much of the net income as the trustees shall in their absolute discretion decide as best for his interest." This is the same as the power considered in Estate of Cyrus C. Yawkey, 12 T.C. 1164, where the trustees might pay to each beneficiary such portion of the income "as they deem for her best interest." The Tax Court held, 12 T.C. at page 1170, that this did not provide any adequate external standard sufficient to remove the trustees' powers from the scope of § 811(c).

The trust instrument here likewise provides no adequate external standard to regulate the trustees' conduct. Since such a standard is lacking in the trust instrument it cannot be supplied from external circumstances. It is the power actually given to the trustees that governs, not the likelihood of its use as shown by extrinsic circumstances. Third National Bank & Trust Co. of Springfield v. United States, D.C., 129 F.Supp. 442, 444, affirmed, 1 Cir., 228 F. 2d 772. Decedent here retained as trustee a power to determine the recipient of the income from the property he had given to the trust sufficient to require the inclusion of that property in his estate. Plaintiff can recover nothing on this portion of his claim.

Plaintiff in his claim for refund also asked for a refund based on the allowance of a deduction of $1,500 for attorney's fees. This was disallowed by the Commissioner on the ground it had not yet been paid. It is conceded that the fee has now been paid. Plaintiff is entitled to recover the overpayment which will result from the allowance of this further deduction.

Judgment for plaintiff in accordance herewith.