Joseph A. Cox, S.
This appeal by the executors is from the pro forma order fixing estate tax upon the appraiser’s report. The ground for appeal is the appraiser’s refusal to allow any deduction for the value of a trust remainder interest bequeathed to charity.
By article sixth of his will the testator bequeathed his residuary estate in trust to pay the income thereof to his widow and said: “ if in the sole and unreviewable discretion of my trustees, the income therefrom is not sufficient to maintain my wife in the same standard of living that she enjoyed at the time of my death, then and in that event my trustees shall have the power to invade the principal of this trust fund to make up the difference.” The will directs that upon the death of the widow certain cash legacies be paid to named individuals, fractional portions of the balance be paid to other individuals, and one fourth of such balance be paid to four designated charities. Article eighth of the will provides: ‘ ‘ My executors and trustees are authorized, in their discretion, in addition to the power to use principal for the benefit of my wife, as herein set forth, to apply principal from the trust fund held for my wife for her use and benefit in case of illness or any other emergency, or an extraordinary occasion requiring additional funds, or where an extraordinary situation develops, political or economic, national or local, which creates an emergency or otherwise affects the health, safety or economic well-being of my wife. In the exercise of the discretion thus conferred upon them, or conferred on them in paragraph ‘ sixth ’ hereof, my executors and trustees shall consider only the interests of my wife for whose benefit the same is being exercised, and not the rights or interests of any person who may *219 become interested in the principal of the fund after my wife’s death. The discretion so conferred on my executors and trustees herein and under paragraph ‘ sixth ’ hereof, shall be absolute and any exercise thereof shall be binding upon all persons interested in my estate, and shall not be subject to review by any person whatsoever or in any Court or proceeding.”
The Federal taxing authorities have allowed a deduction in the sum of $32,626.07, but the position of the New York State Tax Commission is that the powers to invade trust principal are so broad as to make a determination of a charitable gift unascertainable. The facts are not in dispute and it appears that upon the testator’s death his widow was 63 years of age, owned her apartment and was possessed of assets worth $300,000 which were productive of substantial income. These facts are relevant to establish the widow’s standard of living and to determine the probability and extent of principal invasions (Matter of Elmendorf, 205 Misc. 543; Matter of Buell, 198 Misc. 358)
The New York Estate Tax Law was fashioned after the Federal laws and in applying the provisions of the New York law our courts have generally followed the determination of the Federal authorities (Matter of Weiden, 263 N. Y. 107; Matter of Cregan, 275 N. Y. 337; Matter of Pratt, 262 App. Div. 240, affd. 289 N. Y. 621; Matter of Russell, 294 N. Y. 99; Matter of Rogers, 296 N. Y. 676, affg. 269 App. Div. 551, 941). This policy is now a statutory mandate (L. 1962, ch. 1013, eff. April 1, 1963; Matter of Behm, 19 A D 2d 234, 236, affd. 14 N Y 2d 826). Although such enactment is not controlling in this estate, the Federal decisions provide valuable precedents upon the issue here raised and have established the guidelines for past decisions in this State (Matter of Elmendorf, supra; Matter of Buell, supra; Matter of Birdsall, 176 Misc. 619). The cited cases are holdings that the mere possibility of principal invasions is not enough to defeat the deduction. It has been held as to the Federal estate tax that a deduction should be allowed if a definite and ascertainable standard governing the trustee’s discretion is contained in the will and, upon application of this standard, the possibility that the charity will not take will be so remote as to be negligible (Newton Trust Co. v. Commissioner, 160 F. 2d 175). A power which permitted the maintenance of the existing standards of living of the beneficiary has been held not to defeat the deduction (Ithaca Trust Co. v. United States, 279 U. S. 151; Commissioner v. Robertson’s Estate, 141 F. 2d 855; Bowers v. South Carolina Nat. Bank of Greenville, 228 F. 2d 4; Hartford-Conn. Trust Co. v. Eaton, 36 F. 2d 710; Berry v. Kuhl, 174 F. 2d 565; Lincoln Rochester Trust Co. v. Commis *220 sioner, 181 F. 2d 424; Blodget v. Delaney, 201 F. 2d 589). A power to invade in the event of illness, accident and emergency has, in many instances, been considered in the same category (Lincoln Rochester Trust Co. v. McGowan, 217 F. 2d 287; Commissioner v. Wells Fargo Bank & Union Trust Co., 145 F. 2d 130; Wells Fargo Bank & Union Trust Co. v. Commissioner, 145 F. 2d 132), although the expansion of this power to permit payments for the beneficiary’s happiness, best interests and welfare has been held to confer too broad a discretion (Merchants Bank v. Commissioner, 320 U. S. 256; Matter of Bartlett, 153 F. Supp. 674; Commerce Trust Co. v. United States, 167 F. Supp. 643; Seubert v. Shaughnessy, 233 F. 2d 134; Henslee v. Union Planters Bank, 335 U. S. 595; cf. Matter of Buell, supra).
Upon the basis of the body of law that has developed, and despite the conflicting opinions and changes of position (cf. Henslee v. Union Planters Bank, supra), this court regards the language of article sixth of this will as definitive of a power limited by the beneficiary’s needs and exercisable with reference to her prior standard of living. Had the will so limited the discretion of the trustee, the charitable deduction would be readily ascertainable and necessarily allowable. However, article eighth of the will so expands the authority of the trustee as to eliminate any objective test of need on the part of the beneficiary. The latter article of the will not only grants an unlimited discretion to the trustee but mandates that the trustee consider only the interests of the beneficiary and not the “ rights or interests ” of any remainderman. The testator furthermore attempted to grant a discretion unfettered by judicial supervision. The power of invasion contained in this will is not a power restricted by a fixed standard (United States v. Powell, 307 F. 2d 821). The conclusion is that the remainder to charity is not sufficiently certain in monetary value as to qualify as a charitable deduction,(De Castro’s Estate v. Commissioner, 155 F. 2d 254, cert. den. 329 U. S. 727; State St. Bank & Trust Co. v. United States, 313 F. 2d 29; Industrial Trust Co. v. Commissioner, 151 F. 2d 592; Zentmayer’s Estate v. Commissioner, 336 F. 2d 488).
The appeal is denied.