John D. Bennett, S.
This is an appeal from the pro forma order fixing the New York estate tax to the extent that the tax appraiser disallowed as a charitable tax deduction one half of the present value of that portion of the remainder of the residuary trust which will go to charity. The decedent herein died on September 14, 1962, prior to the effective date of the statute which mandates that the State follow the Federal determination as to whether or not a deduction should be allowed.
- Paragraph ‘‘ Fifteenth ’’ of the decedent’s will provides: ‘ ‘ All the rest, residue and remainder of my estate, real and personal, of every kind and nature and wherever situated, I give, devise *398 and bequeath to my trustees hereinafter named, in trust, nevertheless, to invest, reinvest and keep the same invested, and collect and receive the income and profits therefrom and to apply the net income to the use and support of my beloved wife rosalie meyer for and during the term of her natural life. In the event that because of sickness or other unusual circumstances the net income in any year is in the sole judgment of my said wife insufficient to provide properly for her support, maintenance and care, my said trustees shall upon application made to them in writing by my said wife, apply to her use and her support from the principal of said trust such additional sum or sums as she shall so request. It is my direction that the total principal payments so made by my trustees shall not exceed in the aggregate one-half of the value of the principal of the trust as such values shall be fixed by the appraisal made in the New York estate tax proceeding.”
Upon the death of the decedent’s widow, the will provides that the trust will terminate and the principal is to be distributed to both charitable and noncharitable beneficiaries.
The tax appraiser contends that as to that portion of the remainder going to charity, only one half of the value of same qualifies as a charitable deduction due to the fact that paragraph “ Fifteenth ” provides for invasion of up "to one half of the principal of the trust by the widow and as a result of same there is no ascertainable standard created from which a determination of the value of the bequest to charity can be made.
The widow contends that her power to invade is limited to an ascertainable standard due to the fact that she is over 80 years of age and is accumulating income received from the trust to such an extent that it is remote that sickness or other unusual circumstances would cause an invasion .of corpus. In addition, she has her own investments and she does not need the income therefrom as her expenses are small. The Federal taxing authorities allowed the full charitable deduction and the widow argues that the State should follow their decision.
“ The New York Estate Tax Law was fashioned after the Federal laws and in applying the provisions of the New York law our courts have generally followed the determination of the Federal authorities (Matter of Weiden, 263 N. Y. 107; Matter of Cregan, 275 N. Y. 337; Matter of Pratt, 262 App. Div. 240, affd. 289 N. Y. 621; Matter of Russell, 294 N. Y. 99; Matter of Rogers, 296 N. Y. 676, affg. 269 App. Div. 551, 941). This policy is now a statutory mandate (L. 1962, ch. 1013, eff. April 1, 1963; Matter of Behm, 19 A D 2d 234, 236, affd. 14 N Y 2d 826). Although such enactment is not controlling in this estate, the *399 Federal decisions provide valuable precedents upon the issue here raised and have established the guidelines for past decisions in this State (Matter of Elmendorf, supra [205 Misc. 543]; Matter of Buell, supra [198 Misc. 358]; Matter of Birdsall, 176 Misc. 619). The cited cases are holdings that the mere possibility of principal invasions is not enough to defeat the deduction. It has been held as to the Federal estate tax that a deduction should be allowed if a definite and ascertainable standard governing the trustee’s discretion is contained in the will and, upon application of this standard, the possibility that the charity will not take will be so remote as to be negligible (Newton Trust Co. v. Commissioner, 160 F. 2d 175) ” (Matter of Caro, 47 Misc 2d 217, 219).
A power to invade principal to maintain a beneficiary at his existing standards of living does not defeat the charitable deduction (Ithaca Trust Co. v. United States, 279 U. S. 151) nor does a power to invade in the event of illness, accident and emergency (Lincoln Rochester Trust Co. v. McGowan, 217 F. 2d 287). Where said powers are definite and ascertainable so as to enable the court to determine that the possibility of the charities not taking is remote, the charitable deduction should be allowed (Newton Trust Co. v. Commissioner, supra).
Based on all of the evidence before the court, the power to invade is definite and ascertainable. The right to invade is limited to the occasion where sickness or other unusual circumstances require the trustees’ paying a portion of the corpus to the Avidow for her support, maintenance and care. The will does not provide that the wife’s interests and not the remainder-men’s are to be considered only, as in the Caro ease (supra). The age of the widow and the fact that the trust income far exceeds her yearly needs indicate the remoteness of invasion. Therefore, the court should follow the Federal taxing authorities’ decision and alloAv the full charitable deduction.
Accordingly the order appealed from is reversed to the extent that said order shall provide for the full charitable deduction.