Alonzo J. Prey, S.
This is an appeal by the New York State Tax Commission from a pro forma tax order as amended by an order dated August 19, 1968, which granted a charitable deduction in favor of the estate in the sum of $27,942.07.
The last will and testament of the deceased, which was admitted to probate by this court on November 10, 1966, after making minor bequests gave all the residue and remainder in trust for the benefit of the decedent’s husband during the term of his natural life. The language upon which the determination of this appeal will turn is contained in paragraph fourth of the will which reads as follows: “ 4. all the rest, residue and remainder, of my property, both real and personal, I give, devise and bequeath unto Salamanca Trust Company of Salamanca, New York, in trust, however, to invest and re-invest and to pay the income therefrom unto my husband, Charles R. Weagraff, for and during the term of his natural life. In case my said husband, Charles R. Weagraff, should need any of the principal sum of said trust fund for defraying the expenses of any illness or disability, which he might have during his life, then, I direct my said trustee in its discretion to use so much of the principal fund of said trust fund as may be necessary for his comfortable support and care during such illness or disability.”
It is the contention of the appellant that the right of invasion given to the trustee for the benefit of the trust recipient is such that the amount of the estate which might pass to the charitable legatees cannot be ascertained. The respondent on the other hand contends that the likelihood of necessity to invade for the purpose granted by the trust clause is so remote that the estate is entitled to the charitable deduction granted by the pro forma tax order.
The language of the trust which the court must interpret in determining the controversy is as follows, emphasis by the court: “ In case my said husband * * * should need any of *1032 the principal sum of said trust fund for defraying the expenses of any illness or disability, which he might have during his life, then, I direct my said trustee in its discretion to use so much of the principal fund of said trust fund as may be necessary for his comfortable support and care during such illness or disability. ’ ’
The beneficiary of the trust is a man 79 years old. His life expectancy is short. He has income which he claims is adequate to provide for his. comfort during any such illness and that therefore the estate is entitled to a charitable exemption of the whole residuary established as the corpus of the trust. He cites, as authority for the position which he takes, the case, Matter of Meyer (51 Misc 2d 397, 398) decided September 1, 1966 where in the opinion of the Surrogate, John D. Bennett it is stated, following a definitive determination in a similar issue in Matter of Caro (47 Misc 2d 217, 219) where the court said, “ The New York Estate Tax Law was fashioned after the Federal laws and in applying the provisions of the New York law our courts have generally followed the determination of the Federal authorities ”, citing a number of such authorities: “ This policy is now a statutory mandate [New York State Tax Law, art. 26, eif. April 1, 1963].”
The Federal decisions provide valuable precedents upon the issue here raised and have established the guidelines for past decisions in this State. (Matter of Elmendorf, 205 Misc. 543; Matter of Buell, 198 Misc. 358; Matter of Birdsall, 176 Misc. 619.) These eases hold that the mere possibility of principal invasion is not enough to. defeat the deduction. The Federal cases have held that a deduction should be allowed if a definite and ascertainable standard governing the trustees ’ discretion is contained in the will, and upon application of this standard, the possibility that the charity will not take will be so remote as to be negligible (Matter of Newton Trust Co. v. Commissioner of Internal Revenue, 160 F. 2d 175).
A power to invade principal to maintain a beneficiary at his existing standards of living does not defeat the charitable deduction (Ithaca Trust Co. v. United States, 279 U. S. 151) nor does the power to invade in the event of illness, accident and emergency (Lincoln Rochester Trust Co. v. McGowan, 217 F. 2d 287). Where said powers are definite and ascertainable so as to enable the court to determine that the possibility of the charities not taking is remote, the charitable deduction should be allowed.
Based on all of the evidence before the court, the power to invade is definite and ascertainable. The right to invade is *1033 limited to the occasion of illness or disability on the part of the beneficiary and to defray his expenses for such illness or disability which require invasion of the trust fund to defray the expenses thereof and only to the extent that may be necessary for his comfortable support during such illness or disability.
The financial situation of the beneficiary is such that in the opinion of the court the necessity to invade for his care and comfort for such an illness or disability is so remote as to be negligible and that therefore the charitable trust is a proper deduction for tax purposes under the laws of the State of New York.
The appeal therefore is denied.